ESTATE of M. Karl GOETZ, Deceased, Nancy R. (Goetz) Ryan, Executrix, and Nancy R. (Goetz) Ryan, an Individual, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 1437.

United States District Court W. D. Missouri, St. Joseph Division.

April 4, 1968.

Joseph A. Hoskins and Philip J. Erbacher, Kansas City, Mo., O. W. Watkins, Jr., St. Joseph, Mo., for plaintiff.

Mitchell Rogovin, Asst. Atty. Gen., Jerome Fink, John W. Debruyn, Dept. of Justice, Washington, D. C., and Calvin K. Hamilton, U. S. Atty., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER SUSTAINING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT.

DUNCAN, Senior District Judge.

Plaintiffs instituted this suit against the defendant for the return of the sum of $8,367.80 paid by the plaintiffs to the Internal Revenue Service following statutory notice of deficiency of income tax alleged to be due against the estate of M. Karl Goetz and Nancy R. Goetz, his widow.

In their complaint the plaintiffs base their right to recovery upon the ground first, that the money upon which the Government seeks to recover the tax was a gift under Section 102(a) I.R.C.1954 [1] to plaintiff Nancy R. Goetz and not subject to tax, and second, that the assessment of the tax was not made until after the statute of limitations. Section 6501(a) Title 26 U.S.C. [2] had expired.

The plaintiffs have filed a Motion for Summary Judgment on the ground that the statute of limitations had run before the tax was assessed.

The undisputed facts, as shown by the pleadings and the answers to interrogatories are, that prior to his death on January 17, 1960, M. Karl Goetz was President of the Goetz Brewing Company, a corporation, located in St. Joseph,

Missouri, as well as a stockholder therein, and at the time of his death was receiving the sum of $30,000.00 per year as salary.

Following his death, the Board of Directors of the Goetz Brewing Company resolved to pay to Nancy R. Goetz, his widow, the sum of $28,750.00, that figure being the difference between the amount of the salary that Mr. M. Karl Goetz had earned prior to his death, and the amount that he would have earned had he lived and worked the remainder of that year.

On or before April 15, 1961, the estate of M. Karl Goetz and Nancy R. Goetz, his widow, filed a joint return on form 1040 for the calendar year 1960 showing the receipt of the $28,750.00 by Nancy R. Goetz, and claiming it as a non-taxable gift under Section 102(a) I.R.C.1954.

The applicable statute of limitations, Title 26 § 6501(a) would have expired three years from the date of the filing of the above mentioned return. However, prior to such expiration and on November 6, 1963, form No. 872 was executed by the plaintiffs and accepted by the Government on the following day. The effect of the execution of form No. 872 was to extend the period of the statute of limitations to June 30, 1965.

In May of 1965 the Government requested that the taxpayers sign a further waiver which would have had the effect of extending the period of limitations to June 30, 1966. This the taxpayers declined to do. Thereafter, on June 18, 1965, the Government mailed to the taxpayers a statutory notice of deficiency (as provided for in Title 26, § 6212(a) [3] rejecting the claim of the tax-

---

1. "(a) General rule.—Gross income does not include the value of property acquired by gift, bequest, device, or inheritance."

2. "§ 6501(a) General rule.—Except as otherwise provided in this section the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3

years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

3. "§ 6212(a) In general.—If the Secretary or his delegate determines that there is a deficiency in respect of any tax imposed by subtitles A or B, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail."

payers for the exemption status of the $28,750.00.

On August 24, 1965, Nancy R. Goetz Ryan (she had in the meantime remarried), mailed her check for the sum of $6,631.60 to the Internal Revenue Service, which was received by the Service on August 26, 1965, and held by it until December 20, 1965, at which time it was deposited for collection.

■ Under the provisions of § 6213(a) Title 26 U.S.C.,[4] a ninety day notice requirement having the effect of extending the period of limitations for an additional ninety days, and Section 6503(a) Title 26 U.S.C.,[5] a sixty day notice requirement to the same effect, the period of limitations was extended for a total of one hundred fifty days from June 30, 1965, or until November 27, 1965.

A supporting affidavit submitted by the defendant indicates that an assessment of the tax was made on December 23, 1965, whereas the answers to plaintiffs' interrogatories reveal that the assessment was made on January 21, 1966.

Interest in the amount of $1,736.20 was also assessed and on February 2, 1966, the said Nancy R. Goetz Ryan mailed her check to the Internal Revenue Service for that amount, said check having been received by the Service and deposited by it on February 11, 1966.

This action was instituted by the plaintiffs to recover the amount of the assessment together with the interest, on July 5, 1967.

It is the contention of the plaintiffs in their Motion for Summary Judgment that regardless of the fact that the money in question was transferred to the Service prior to the running of the statute of limitations, that said money was not due or owing until it had been properly assessed as a tax liability and that such an assessment was not made until a time after the statute of limitations had expired. (Although we have before us two different dates on which it is claimed that the assessment was made, both of those dates are admittedly beyond the period of limitations, and therefore have no bearing on the legal question which is before us.)

The defendant, on the other hand, contends that Title 26 § 6401(a) [6] which en-

---

4. "6213(a) Time for filing petition and restriction on assessment.—Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A or B and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be en-joined by a proceeding in the proper court."

5. "6503(a) Issuance of statutory notice of deficiency.—
   (1) General rule.—The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or the collection by levy or a proceeding in court, in respect of any deficiency as defined in section 6211 (relating to income, estate, and gift taxes) shall (after the mailing of a notice under section 6212(a) be suspended for the period during which the Secretary or his delegate is prohibited from making the assessment or from collecting by levy or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter."

6. "§ 6401 Amount treated as overpayments
   (a) Assessment and collection after limitation period.—The term 'overpayment' includes that part of the amount

titles the taxpayer to recover any amount "assessed or collected after the expiration of the period of limitation" does not embrace amounts had and received before the running of that period, or in other words, that there has been an actual payment of taxes duly collected. With this interpretation we cannot agree.

■ It does not follow from the fact that the Service had the taxpayers' money in hand prior to the running of the statute of limitations, that the money was duly collected. In order for the tax liability to have been duly collected it must have been properly assessed and such was not the case here in that the assessment was made at a time subsequent to the running of the statute of limitations.

It is this reasoning which apparently impelled the defendant to admit that the plaintiffs are entitled to recover the $1,736.20 interest payment in that said payment was not in the hands of the Service prior to the running of the statute (nor was it in their hands prior to its assessment).

■ We cannot accept the distinction that the defendant would have us draw, that the mailing of plaintiffs' check in response to the statutory notice of deficiency amounted to a payment and that, therefore, the tax in question was duly collected. On the contrary, we believe that plaintiffs' check served as a deposit to be utilized by the Government in the event a tax obligation were subsequently defined and imposed.

We are persuaded in so holding by the reasoning of the court in Rosenman v. United States, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945) which recognized that payments prior to assessment are deposits and not payments of taxes duly collected.

In the *Rosenman* case, supra, it was the Government that was attempting to invoke a similar statute of limitation to bar suit by the plaintiff for refund, whereas, in the instant case, we have the reverse of that situation, in that here we have the taxpayer seeking to utilize the statute as an affirmative basis for relief.

■ Though the two cases differ in that respect, the reasoning of the court as to the effect of the transfer of funds prior to any assessment of a tax obligation in regard thereto is sound and is applicable to both situations. We believe that the holding of the court, that money paid to the Internal Revenue Service prior to the imposition of a valid assessment is a deposit rather than a payment, should have the same meaning regardless of whether it is the Government who seeks to preclude suit by the taxpayer or whether it is the taxpayer who seeks to recover a refund.

In United States v. Dubuque Packing Company, 233 F.2d 453 (8th Cir.1956) the court followed the *Rosenman* case, supra, and held that transfers of money in anticipation of further assessments did not have the status of payments until tax deficiencies were formally assessed by the commissioner. This case like *Rosenman* but unlike the instant case, involved a situation where the Government was contending that the two year statute of limitations as to plaintiff's suit for refund of overpayment of a deficiency began to run when the plaintiff transferred funds to the commissioner prior to the making of any assessment.

■ It is therefore, our conclusion that the statute of limitations had expired at the time the assessment was made, and that the plaintiffs are entitled to recover the amounts paid to the Internal Revenue Service prior thereto, and that the Motion for Summary Judgment should be and is sustained.

of the payment of any internal revenue tax which is assessed or collected after the expiration of the period of limitation properly applicable thereto."