**FIRST CHICAGO CORPORATION,**
Petitioner-Appellee,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent-Appellant.**

No. 83–2267.

United States Court of Appeals,
Seventh Circuit.

Argued April 18, 1984.

Decided Sept. 4, 1984.

John L. Snyder, Hopkins & Sutter, Chica-
go, Ill., for petitioner-appellee.

Ernest J. Brown, U.S. Dept. of Justice,
Tax Div., Appellate Sect., Washington,
D.C., for defendant-appellant.

Before CUMMINGS, Chief Judge, CU-
DAHY, Circuit Judge, and FAIRCHILD,
Senior Circuit Judge.

PER CURIAM.

This appeal involves the question wheth-
er the Commissioner's assessment of a de-
ficiency in income taxes of First Chicago
Corporation for 1972 was barred by the
3-year statute of limitations contained in
Section 6501(a) of the Internal Revenue
Code, as the full Tax Court held in an 8 to 5
decision reported in 80 T.C. 648 (1983). We
hold that the statute of limitations was not
a bar because the exceptions in Sections
6501(h) and 6501(j) apply.[1]

The taxable years involved are 1972 and
1974. Taxpayer filed its income tax return
for 1972 on May 17, 1973, and for 1974 on
June 13, 1975. On June 2, 1978, the Com-
missioner mailed taxpayer a notice of defi-
ciency in federal income tax for 1972 in the
amount of $298,861, later reduced by stipu-
lation to $227,245 (App. A 45). The majori-
ty of the Tax Court accepted taxpayer's
argument that the assessment was barred
by the 3-year statute of limitations con-
tained in Section 6501(a) of the Internal
Revenue Code since the notice of the defi-
ciency for 1972 had not been mailed within
3 years from the date on which taxpayer's
return for 1972 had been filed. The Com-
missioner's position is that since the notice
of deficiency was mailed on June 2, 1978,
within 3 years from June 13, 1975, the
filing date of taxpayer's return for 1974,
which reported large net capital losses and
unused investment credit carrybacks giving
rise to the 1972 deficiency, the notice was
timely under Sections 6501(h) and 6501(j).

Taxpayer does not challenge the Commis-
sioner's theory that the 1972 deficiency
was attributable to capital loss and invest-
ment credit carrybacks from 1974 but re-

---

1. The pertinent parts of Section 6501 are repro-
duced in the Appendix hereto.

lies solely on the Section 6501(a) statute of limitations (80 T.C. 654; App. A 6).

The majority of the Tax Court agreed with taxpayer that Section 6501(a) was controlling, even though, as the Supreme Court admonished again this year in *Badaracco v. Commissioner*, — U.S. —, 104 S.Ct. 756, 761, 78 L.Ed.2d 549, that limitations statutes barring the collection of taxes otherwise due must be strictly construed in favor of the government. In the Tax Court the dissenting judges held that the reduction in the carryover amount of taxpayer's 1971 income tax to 1972 was "attributable to the application to the taxpayer of" the 1974 capital loss and investment credit carrybacks, both of which were effective to reduce its 1971 tax liability and to result in a 1972 deficiency. Following the opinion in *Herman Bennett Co. v. Commissioner*, 65 T.C. 506 (1975), the dissenters concluded that the "attributable to" language used in Section 6501(h) and in Section 6501(j) was satisfied because the 1972 deficiency can be "traced to" the carrybacks from 1974, as even the majority conceded (80 T.C. 652; App. A 8).[2] This literal construction, uncontradicted by legislative history (80 T.C. 666–669; App. A 31–A 34), permits "the [Tax] Court to do what it conceives as equity," quoting from the majority opinion (80 T.C. 663; App. A 26).

We agree with and adopt the dissenting opinion of the Tax Court (80 T.C. 663–672; App. A 27–A 41) as our own. Therefore the decision of the Tax Court is reversed and the cause is remanded for further proceedings consistent herewith.

### APPENDIX

SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION.

(a) General Rule.—*Except as otherwise provided in this section,* the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

\*    \*    \*    \*    \*    \*

(h) Net Operating Loss or Capital Loss Carrybacks.—*In the case of a deficiency attributable to the application to the taxpayer of a net operating loss carryback or a capital loss carryback* (including deficiencies which may be assessed pursuant to the provisions of section 6213(b)(2)), *such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year* [here 1974] *of the* net operating loss or *net capital loss which results in such carryback may be assessed* [here June 13, 1978]. In the case of a deficiency attributable to the application of a net operating loss carryback, such deficiency may be assessed within 18 months after the date on which the taxpayer files in accordance with section 172(b)(3) a copy of the certification (with respect to the taxable year of the net operating loss) issued under section 317 of the Trade Expansion Act of 1962, if later than the date prescribed by the preceding sentence.

\*    \*    \*    \*    \*    \*

(j) Investment Credit Carrybacks.—*In the case of a deficiency attributable to the application to the taxpayer of an investment credit carryback* (including deficiencies which may be assessed pursuant to the provisions of section 6213(b)(2)), *such deficiency may be assessed at any time before the expiration of the period within which a deficiency for the taxable year* [here 1974] *of the unused investment credit. which results in such carryback may be assessed* [here June 13, 1978], or, with respect to any portion of an investment credit

---

**2.** Even taxpayer's July 30, 1975, refund application for 1974 noted that it was carrying back unused investment credit and net capital loss

"from *1974* to 1971 \* \* \*" (App. A 47; emphasis supplied).

carryback from a taxable year attributable to a net operating loss carryback or a capital loss carryback from a subsequent taxable year, at any time before the expiration of the period within which a deficiency for such subsequent taxable year may be assessed. (Emphasis supplied.)