**In re HOLYWELL CORPORATION,
et al., Debtors.**

**Bankruptcy No. 84–01590–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 1, 1986.

Kent, Watts & Durden, Fred H. Kent, Jr., Jacksonville, Fla., Shutts & Bowen, Miami, Fla., Special Counsel, for debtors.

Holland & Knight, Irving M. Wolff, Miami, Fla., for Liquidating Trustee.

Emmet Marvin & Martin, Thomas F. Noone, New York City, and S. Harvey Ziegler, Kirkpatrick & Lockhart, Miami, Fla., and Steel Hector & Davis, Vance E. Salter, Miami, Fla., for the Bank of New York.

Kozyak & Tropin, P.A., John W. Kozyak, Miami, Fla., Alvarez LeCesne, Dept. of Justice, Tax Div., Washington, D.C., U.S. Atty., Miami, Fla., Frances Vest, Sp. Procedures & Insolvency Unit, I.R.S., Jacksonville, Fla., Office of Dist. Counsel, I.R.S., Miami, Fla., for Olympia & York.

## ORDER ON CLAIM NOS. 509 and 512 (IRS)

THOMAS C. BRITTON, Chief Judge.

The Liquidating Trustee has objected (C.P. No. 1419) to claim numbers 509 and 512 upon the ground that they were filed after the claims bar date. The objection was heard on November 10. The facts are not in dispute.

On August 22, 1984, the debtor, Holywell Corporation and four related entities filed bankruptcy petitions for relief under chapter 11. The debtor's schedules filed with its petition acknowledged a claim of the IRS, but listed the claim as "disputed, contingent and unliquidated". The claims bar date established in this case was January 15, 1985 (C.P. No. 299). The two claims in question here were filed, respectively, on October 16 and November 6, 1985, after the claims bar date.

Claim No. 509 is for $3.2 million for income taxes allegedly due and owing by Holywell. In addition, the IRS alleges that Holywell, as nominee of several nondebtor affiliated corporations, owes the IRS principal, interest, penalties and late charges for employee withholding taxes (FICA) owed by said nondebtor corporations. Claim No. 512 is an amendment replacing claim No. 509, but increasing the asserted income tax claim to $3.4 million.

The IRS contends that the following circumstances constituted the equivalent of a timely proof of claim, which may be amended after the bar date. The IRS filed a notice of deficiency before bankruptcy asserting the presently claimed income tax liability of Holywell. Two months after bankruptcy, Holywell filed in the U.S. Tax Court a petition challenging the asserted deficiency. The IRS sought dismissal of Holywell's petition for lack of jurisdiction on the basis that the petition had been filed in the Tax Court in violation of the bankruptcy automatic stay provisions, 11 U.S.C. § 362(a). On August 6, 1985, Holywell moved in the bankruptcy court for stay relief (C.P. No. 889) with respect to the issues raised in the tax case and on September 4, 1985, the motion was granted (C.P. No. 941).

The Tax Court dismissed the Holywell petition on the ground that the bankruptcy stay had not been lifted at the time the petition was filed. However, Holywell then filed a second petition in the Tax Court. The IRS has answered and the IRS income tax claim, disputed by Holywell, is presently before the Tax Court with concurrence of both parties for resolution in that forum of the *amount* of the income tax deficiency. The court's Order of September 4, 1985 (Government's Exhibit 1[J]) provides that the tax deficiency may not be enforced without further order of this court. I now hold the tax deficiency claim to be time-barred.

The currently accepted principles defining an informal proof of claim capable of amendment in the bankruptcy court after the bar date are succinctly stated in *In re South Atlantic Financial Corp.*, 767 F.2d 814, 819 (11th Cir.1985) and need not be repeated here. Following that discussion, the court said:

"Applying these principles, courts have deemed an amendable proof of claim 'filed' where, for example, the creditor, in applying to the court for relief from an automatic stay, set forth in great detail the nature of his claim, ... or the bankruptcy court was fully informed as to the nature of the claim because the claim had been in litigation before the court for several months."

The *debtor's* filing for stay relief to litigate this claim in the Tax Court and the granting by this court of that stay relief are indistinguishable from the quoted examples noted by the court in *South Atlantic Financial Corp.* It is irrelevant, as I see it, whether the motion for stay relief was filed by the claimant or the debtor. However, the motion for stay relief in our case was filed eight months *after* the claims bar date. It cannot, therefore, constitute a *timely* informal proof of claim under any circumstances.

In *In re International Horizons, Inc.*, 751 F.2d 1213, 1218 (11th Cir.1985), the court had earlier rejected an IRS contention that IRS discussions before bankruptcy with a debtor concerning alleged tax liabilities coupled with the filing after the bar date of a notice of deficiency constituted an informal proof of claim capable of amendment. The court then said:

> "We may suppose, *arguendo*, that a notice of deficiency, known to the trustee, before the cut-off date would have some claim to be regarded as an informal proof of claim in the bankruptcy."

The IRS argues here that a notice of deficiency served *before bankruptcy*, as was done in this instance, is the equivalent of a notice of deficiency served after bankruptcy upon the debtor-in-possession as the statutory equivalent of a bankruptcy trustee under § 1107(a). I do not agree. As stated by the court in *South Atlantic Financial Corp.*:

> "Before a court will allow a party to file an amended proof of claim, however,

there must be something filed in the bankruptcy court capable of being amended." (at p. 819).

Assuming that the filing of a notice of deficiency with a trustee or a debtor-in-possession is the equivalent of a filing in the bankruptcy court [1] it cannot under any circumstances be said that a filing of something *before bankruptcy* constitutes a filing in the bankruptcy court.

The distinction is crucial if the claims bar date is to retain any effect whatsoever, because a creditor can almost always point to some piece of paper it has delivered to a chapter 11 debtor before bankruptcy asserting its claim. If that document may be treated as an informal proof of claim in bankruptcy, every creditor will have a timely informal claim in every chapter 11 case, which he may amend long after the claims bar date.

I agree with the Liquidating Trustee that claim Nos. 509 and 512 filed by the IRS must each be stricken as untimely. No timely claim for any part of the alleged federal tax liability asserted in either of these claims was filed in this case before the claims bar date. Accordingly, the Liquidating Trustee's objection is sustained.

---

1. This assumption is contrary to the "misdelivery" requirement of the present Bankruptcy Rule 5005(b) as was noted by the court in *South Atlantic Financial Corp.* (at p. 820, n. 7)