**In re FLANIGAN'S ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 85–02594–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

June 10, 1987.

See also, Bkrtcy., 70 B.R. 248, Bkrtcy., 77 B.R. 963.

Leon B. Kellner, U.S. Atty., Miami, Fla., Jose F. De Leon, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for I.R.S.

Irving M. Wolff, Holland & Knight, Miami, Fla., for Creditor's Committee.

Howard J. Berlin, Schantz, Schatzman, et al., P.A., Miami, Fla., for debtor.

Jeffrey Kastner, Pembroke Pines, Fla.

### ORDER ON CLAIM NOS. 22, 34 AND 55 (IRS)

A. JAY CRISTOL, Bankruptcy Judge.

The Internal Revenue Service of the United States of America (the "IRS" or the "Government") filed its claims in this Chapter 11 proceeding, on January 21, 1986 (Claim No. 22), on March 10, 1986 (Claim No. 34), and on April 19, 1986 an amendment to the foregoing claim (Claim No. 55), to wit, Claim Nos. 22, 34 and 55 (hereinafter referred to as the "proofs of claim" and the "amended proof of claim"). Claim No. 22 sought the recovery of excise taxes due and owing for all periods of time prior to October 31, 1985. Claim No. 34 sought

the recovery of income taxes for the years 1973 through 1985, excluding 1974, 1979 and 1982. The amended and superseded Claim No. 55 sought the recovery of income taxes for the years 1973 through 1983, excluding 1974, 1978, 1979 and 1982. Basically, the amended Claim No. 55 sought the recovery of income taxes including interest to the date of filing the voluntary petition commencing these proceedings that were due for taxable years beginning with the year ending September 30, 1973 in the amount of $118,710.00 (without interest), September 30, 1975 in the amount of $17,640.00 (without interest), September 30, 1976 in the amount of $159,985.00 (without interest), September 30, 1977 in the amount of $529,987.00 (without interest), September 30, 1980 in the amount of $437,-197.00 (without interest), September 30, 1981 in the amount of $4,701.00 (without interest), and September 30, 1983 in the amount of $60,149.00 (without interest), as well as excise taxes due and owing for the taxable period ending October 1, 1985 in the sum of $84,895.82.

The Committee of Unsecured Creditors (the "Committee") filed their objections to Claim No. 34 and 55 as amended. Said objections were addressed only to income taxes and interest thereon that the IRS sought to recover for all taxable years other than the taxable year ending September 30, 1983. The excise taxes are not contested and the right to assess and collect income taxes and interest, if any, for the period ending September 30, 1983 is conceded. However, the amount sought to be recovered for income taxes and interest, if any, for the taxable year ending September 30, 1983 is still subject to objections as to amount should the debtor in possession or the reorganized Debtor elect to do so.

The IRS responded to the Committee's objections with its Motion for Summary Judgment on the Pleadings or for Summary Judgment to which they annexed a series of exhibits—twelve in number—(hereinafter referred to as "Government's Exhibit B–"), which exhibits were not objected to and accepted by the Committee as proper evidence.

The Court heard argument on the Government's motion and the Committee's objections on March 11, 1987. Because of the gravity of the issues, the Court deems itself required to enter its order and opinion which will contain findings of fact and conclusions of law.

This Order will only deal with the income taxes and interest thereon sought to be assessed and collected by the IRS for the taxable years ending September 30, 1973 through and including September 30, 1981, excluding the taxable years 1974, 1978 and 1979.

The IRS contends that because carrybacks were involved which affected tax years back to 1973, the extension of time within which to assess executed by the Debtor which expired December 31, 1986, gave the IRS the right to reexamine the Debtor's tax returns for the years 1973 through 1981, excluding the years 1974, 1979 and 1982. 26 U.S.C. § 6501(h) and (j). See also, *First Chicago Corp. v. Commissioner of Internal Revenue,* 742 F.2d 1102 (7th Cir.1984). The Court does not quarrel with the *First Chicago* opinion, but its application is limited since it deals only with the issue of the impact of the statute of limitations as it is affected by carrybacks in relation to assessment of income tax liabilities which involved carryback years. Said opinion is not relevant nor germain to the issues at bar.

The essential facts of this case are undisputed.

These voluntary Chapter 11 bankruptcy proceedings were commenced on November 4, 1985. The amended claims filed by the IRS sought the recovery of income taxes that were due for taxable years 1973 through 1981, excluding 1974, 1978 and 1979.

More than ten months after the commencement of these Chapter 11 proceedings, without seeking relief from the automatic stay under 11 U.S.C. § 362, in disregard of 11 U.S.C. § 558, and without consent of this Court, the IRS approached the Debtor in an effort to obtain an additional extension of time to December 31, 1987 in which to assess and collect a time

barred claim for income taxes and interest thereon. The document that the IRS sought to have the Debtor execute (Government's Exhibit B–12) was not executed by the Debtor corporation. It was executed by an individual in his individual capacity and therefore was an invalid consent to any extension on behalf of the Debtor. The IRS could only recover the income taxes sought for the years involved if the same were assessed prior to December 31, 1986.

The record reflects that the IRS received timely notice of these Chapter 11 proceedings. It responded by timely filing its proof of claim and its amended proof of claim.

The IRS argues that it is protected by 26 U.S.C. § 6503(i) and therefore it is not required to assess the income taxes sought to be collected prior to the bar date. It further argued that the automatic stay prevented it from making its assessment and therefore, by operation of the foregoing statute, it has preserved to it the right to make the assessment within 60 days after discharge and to effectuate collection therefore within six months thereafter. The reasoning is faulty since it overlooks the true issue before the Court. The question at bar is simply what impact does the Bankruptcy Code have on the Internal Revenue Code and does the Bankruptcy Code supersede and prevail over the Internal Revenue Code? In this case, an extension to extend the statute of limitations of the Internal Revenue Code was granted by the Debtor to the IRS before the commencement of the Chapter 11 proceeding; the extension expired subsequent to the commencement of the Chapter 11 proceeding; the IRS within the extended period of time failed to make any assessment for income tax deficiencies where the taxable years ended more than three years before the date of the filing of the petition; and the extension to assess expired after the filing of the petition.

All during these proceedings, the IRS could have sought relief from the automatic stay which it failed to do. The IRS is well aware that an income tax must be assessed before it can be collected and that

a three year statute of limitations is operative within which time the assessment must be made. See 26 U.S.C. § 6501(a).

█ The mere filing of a proof of claim for unassessed taxes in a bankruptcy proceeding, without more, does not eliminate the requirement for proper assessment of income tax liabilities as required by the Internal Revenue Code. 26 U.S.C. § 6203. Until a tax is assessed, the statutory prerequisites of the Internal Revenue Code have not been met, and an unassessed tax cannot be collected by filing a proof of claim or otherwise. See 26 U.S.C. § 6303(a); § 6321; § 6331; *United States v. Coson*, 286 F.2d 453 (9th Cir.1961); 26 U.S.C. § 6401(a); § 6514(b). *Estate of Goetz v. United States*, 286 F.Supp. 128 (W.D.Mo.1968).

It has been observed that:

"Until an assessment is made, the Service cannot collect a tax administratively because both the lien and levy provisions depend on the making of a demand for payment, which in turn assumes the making of an assessment. Even after collection, the Service cannot retain an amount as a tax unless an assessment is timely made because any tax paid and collected after an untimely assessment constitutes a refundable overpayment." M.I. SALTZMAN, IRS PRACTICE AND PROCEDURE ¶ 10.01 at 10–2 (1981).

See also *United States v. Kontaratos*, 36 B.R. 928 (D.Me.1984).

The IRS fails to differentiate between a Chapter 11 corporate reorganization, a Chapter 7 liquidation, or a Chapter 11 individual proceeding. In Chapter 7 cases and individual Chapter 11 cases federal taxes are not discharged. 11 U.S.C. § 523 and § 1141(d)(2). Therefore, 26 U.S.C. § 503(b) dealing with extensions of time to collect non-dischargeable federal tax liability is inapplicable and 11 U.S.C. § 108 does not avail the IRS any comfort.

The Bankruptcy Code provides that corporate reorganization Chapter 11 matters are governed by different principles of law, and once reorganization is effected, the corporate Chapter 11 Debtor is discharged where applicable and appropriate from income tax liabilities as well as claims of creditors.

All creditors, including the Government, are permanently enjoined from seeking recoveries of pre-filed as well as pre-confirmation obligations. 11 U.S.C. § 1141(d) and 11 U.S.C. § 524(a). A Chapter 7 liquidation proceeding does not discharge income tax liabilities. See also, 11 U.S.C. § 507(a)(7)(A) and 11 U.S.C. § 523(a). *United States v. Gurwitch*, 54 B.R. 927, 13 COLLIER BANKR. CASES 2d 950 (S.D. Fla.1985), *with Ackles v. A.H. Robins Co., Inc.*, 59 B.R. 99, 14 COLLIER BANKR. CASES 2d 613 (Bankr.E.D.Va.1986); *Rees v. Employment Security Commission*, 61 B.R. 114, 124 n. 21 (Bankr.D.Utah 1986); *Board of County Commissioners v. Coleman American Properties, Inc. (In re American Properties, Inc.)*, 30 B.R. 239, 246 (Bankr.D.Kan.1983); *Delco Development Co. of Harrison Road, Ltd. v. Kuempel Co.*, 14 B.R. 324, 325–26 (Bankr.S. D.Ohio 1981); S.Rep. No. 95–989, 95th Cong., 2d Sess. 129–30 (1978).

█ Upon confirmation, 11 U.S.C. § 524(a) replaces the temporary restraining effect of 11 U.S.C. § 362. The Government is permanently enjoined where applicable after confirmation to assess corporate income tax liabilities and to collect the same. The IRS had an opportunity to assess corporate income tax liabilities and to file its proof of claim prior to confirmation or the claims bar date, whichever comes first.

"Under the Bankruptcy Code proof of claims must be presented to the Bankruptcy Court for administration, or be lost when a plan of reorganization is confirmed. See 11 USC §§ 501, 502, and 1141 (1982 ed) [11 U.S.C.S. §§ 501, 502, and 1141]." *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 79 L.Ed.2d 482 at 497, 104 S.Ct. 1188 (1984).

Therefore, in Chapter 11 proceedings, an order of confirmation will prohibit the assessment and collection of corporate income taxes after confirmation if the income taxes sought to be collected are for taxable years ending on or before the date of the filing of the petition for which a return, if

required, is past due including extensions after three years before the date of the filing of the petitions. See, *In re 12th & N. Joint Venture*, 63 B.R. 36, 15 COLLIER BANK. CASES 2d 466 (Bankr.D.D.C.1986). See also, 11 U.S.C. § 507(a)(7)(A)(i).

■ Accordingly, 26 U.S.C. § 6503(i) is applicable only to a Chapter 7 liquidation proceeding or an individual seeking relief under a Chapter 11 reorganization. To rule otherwise would create an impossibility of administering and closing confirmed Chapter 11 reorganization cases. Once the plan of reorganization is accepted by the prerequisite number of creditors and is confirmed by the Court, it becomes a contractual obligation and must be fulfilled within its terms and conditions. To accept the IRS's argument that it can assess and collect income taxes after confirmation is in contravention of the Bankruptcy Code (11 U.S.C. § 1129(a)(9)(C)) and Congressional intent.

Moreover, if the theory of the IRS were correct, it would deny the Debtor its right if the claims were due and owing to pay and discharge the same over a six year period, 11 U.S.C. § 1129(a)(9)(C).

The creditors would be divested of basic financial information to enable them to vote on the plan of reorganization. It would deprive the Court of its ability to ascertain the financial condition of the reorganized Debtor's ability to pay and discharge the obligations of the confirmed plan and the superimposed IRS income tax indebtedness. Hence, the Court would be devoid of fact and would be required to rely upon conjecture, and would be powerless to ascertain whether or not the reorganized Debtor is financially able to pay the obligations required under the confirmed plan, as well as the Government's post confirmation income tax claim.

The Bankruptcy Code requires prompt action on the part of all creditors, including the IRS, to timely and properly file their respective proofs of claim. See *International Horizons, Inc.*, 751 F.2d 1213 at 1218 (11th Cir.1985). See also, *In re Holywell Corp., et al.*, 68 B.R. 203, Order on Claim Nos. 509 and 512 (IRS) dated December 1, 1986, entered by the Honorable Thomas C. Britton, Chief Bankruptcy Judge, United States Bankruptcy Court for the Southern District of Florida. The short procedural time periods in bankruptcy are there to expedite the reorganization of the debtor and to avoid delays whose repercussions may result in a failed reorganization to the detriment of employees and creditors. D.R. COWEN, COWENS BANKRUPTCY LAW AND PRACTICE § 3.1 at 126 (1986).

The Government's lack of dispatch in this case is obvious from the facts. Since the paramount purpose of Chapter 11 is the reorganization and rehabilitation of the Debtor, the conflict between the Internal Revenue Code and the Bankruptcy Code must be resolved in the supremacy of the Bankruptcy Code. In balancing the equities and weighing the Congressional intent in connection with the alleged conflicting statutory provisions the Bankruptcy Code must prevail in this instance. A contrary interpretation would limit and inhibit the administration of the Bankruptcy Code. To permit subsequent to confirmation an assessment and collection of income taxes barred by a statute of limitations would render the permanent injunction of 11 U.S.C. § 524(a) and a reorganized corporate Debtor's discharge under 11 U.S.C. § 1141(d) meaningless. Therefore, the Court rejects the argument of the IRS that 26 U.S.C. § 6503(i) survives the bar date or confirmation of a reorganized corporate Debtor. See *International Horizons, Inc., supra.*, and *In re Holywell Corp., et al., supra.*

The failure of the IRS to vigilently pursue its rights and protect its position now threatens the reorganization of the Debtor. In reorganization proceedings, the bankruptcy courts cannot tolerate an apparent unconcern by the IRS to timely and promptly make the necessary assessments and file its claim for income taxes owed by a corporate Debtor in accordance with the law.

■ Therefore, I conclude that 26 U.S.C. § 6501(a) and the impact of the Bankruptcy Code as it affects Chapter 11 corporate

Debtors bars the IRS from assessing any income tax liabilities for the tax periods ending September 30, 1973 through and including September 30, 1981, excluding 1974, 1978 and 1979, as set forth in its Claim Nos. 34 and 55 as amended. I further conclude that the IRS failed to assess any income tax liabilities for said taxable years prior to December 31, 1986 and is now time barred from making said assessment and filing any claim because the IRS is now precluded from filing any claims for any income taxes for said enumerated years which it has not assessed within the time limits imposed by 26 U.S.C. § 6501(a)

Accordingly, it is ORDERED as follows:

1. That the Motion for Summary Judgment filed by the United States of America is DENIED.

2. That the Committee of Unsecured Creditors' Objection to Claim Nos. 34 and 55 as Amended filed by the Internal Revenue Service be and is hereby SUSTAINED as to the taxable years ending September 30, 1973 through and including September 30, 1981, excluding 1974, 1978 and 1979, and said claims as they refer to income tax liability and interest thereon for said taxable years, be and they are hereby STRICKEN.

3. That the portion of the Government's claims dealing with excise taxes for the periods prior to October 1, 1985 in the total amount of $84,985.82 be and is hereby ALLOWED.

4. It is further ORDERED that the IRS may, if it sees fit, assess and file its claim for income taxes owed by the Debtor for the fiscal year ending September 30, 1983, but the Debtor or the reorganized company can, if it so elects, object to the assessment and claim.

5. In a nutshell, I.R.S. erred in not obtaining an extension of time to assess and collect tax. I.R.S. then sought an innovative cure. They attempt to interpret 26 U.S.C. § 6503(i) to allow I.R.S. sixty days to act after the stay under § 362 expires. This works for the injunction under § 362 but not for the permanent injunction under § 524(a). Applying § 6503(i) to § 524(a), the I.R.S. may not act until sixty days after forever. Though not barred, they must wait a long time.