**In re Cheryl Z. CLARK, Debtor.**

**Bankruptcy No. 88–00829–BKC–J13.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Nov. 8, 1989.

Eileen Voss, St. Louis, Mo., Trustee.

Curtis L. Mann, Clayton, Mo., for trustee.

Kimberly Forseth, Asst. U.S. Atty. Office of Sp. Litigation Tax Div. Dept. of Justice, Washington, D.C., Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo.

T.J. Mullin, St. Louis, Mo., Henry J. Mohrman, Jr., Sp. Counsel, St. Louis, Mo., for debtor.

Randall F. Scherck, St. Louis, Mo., for United Sav. & Loan.

## MEMORANDUM OPINION

JAMES J. BARTA, Chief Judge.

This matter is before the Court for consideration of the Debtor's Objection to Proof of Claim No. 9 filed on behalf of the United States Internal Revenue Service.

The Debtor, Cheryl Z. Clark, filed this voluntary Chapter 13 Petition on March 16, 1988. The Internal Revenue Service filed a proof of claim on May 5, 1989, requesting payment for back taxes and penalties in the amount of $18,114.17. The amount owed is based upon an assessment for the tax years 1982, 1983, 1984, and 1986.

The Debtor's timely objection to the IRS Claim admits that she is liable for additional taxes for the year 1986, but denies liability for the taxes owed for 1982, 1983 and 1984. The Debtor has argued that she is an innocent spouse under 26 U.S.C. § 6013(e) of the Internal Revenue Code of 1986. Testimony and other evidence was presented during a hearing before the Bankruptcy Court, and the matter was submitted upon the record as a whole without legal memoranda.

The burden of proving that a taxpayer qualifies as an innocent spouse lies with the taxpayer. *Clevenger v. C.I.R.*, 826 F.2d 1379, 1382 (4th Cir.1987). To qualify as an innocent spouse, a taxpayer must prove that each of the requirements of Section 6013(e)(1) have been satisfied. *Shea v. C.I.R.*, 780 F.2d 561, 565 (6th Cir. 1986); *Ratana v. C.I.R.*, 662 F.2d 220 (4th Cir.1981); *Ballard v. C.I.R.*, 740 F.2d 659 (8th Cir.1984).

The four requirements of Section 6013(e)(1) or as follows:

(A) A joint return has been made ... for a taxable year,

(B) On such return there is a substantial understatement of tax attributable to grossly erroneous items of one's spouse,

(C) The other spouse ... he or she did not know, and had no reason to know, that there was such substantial understatement, and

(D) Taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement.

The parties have agreed, and the record clearly shows that the income tax returns in question were filed as joint returns between the Debtor and her spouse.

■ The Debtor has failed to establish that the understatement of the tax during the years in question was attributable to grossly erroneous items of only one spouse. (Section 6013(e)(1)(B)). The testimony and evidence at trial indicated that the most significant and substantial income which was omitted from the joint returns was produced by rental properties and interest-bearing accounts. A significant percentage of these rental properties were titled in the name of the Debtor and her spouse as tenants by the entirety. The Debtor testified that she and her spouse acquired about ten or eleven parcels of real property between 1981 and 1984 through a process described as "no money down and creative financing." Similarly, at least one savings account, described as the real estate account, was in the name of the Debtor and her spouse. Therefore, the Court finds that the record here has failed to establish that the substantial understatement of tax is attributable solely to the income of the Debtor's spouse.

■ The third requirement of Section 6013(e)(1) refers to the spouse's knowledge of the substantial understatements. The Debtor in this case has failed to establish that she did not know, and had no reason to know of the substantial understatements. On the 1982 and 1984 tax returns which were signed by the Debtor, the Debtor listed her occupation as "student-rental property", and "rental management". She also submitted Supplemental Income Schedules (Schedule E) reflecting the income and expenses from rental property. The Debtor testified at the hearing on this matter that her responsibilities in connection with the rental property included working on the mortgage applications. She stated further that she accepted checks from tenants of the properties; her office included shelves of books dealing with mortgage financing; she maintained and arranged the files on the rental property in a file drawer in her home; she made deposits into all of the bank accounts owned by she and her husband; she knew that she was designated as the property manager of the rental properties; and she knew that the real estate bank account was not being used exclusively for real estate purposes. The record in this case indicates further that the Debtor appeared in small claims court on various occasions in connection with actions involving the rental properties. The Debtor's husband, Richard Meier, testified that he had consulted with the Debtor at the time of each purchase of income producing property. He also stated that she was aware of the rental amounts and of the maintenance costs. He believed that she enjoyed the activities associated with organizing the files related to the rental properties. Additionally, the Court finds that the Debtor knew or should have known that interest income had been omitted from these tax returns, because portions of this interest were earned from accounts listed solely in the Debtor's name. The records of these accounts were at least available to the Debtor for her inspection. Therefore, the Debtor had reason to know of the activity on these accounts, and knew that no interest income was listed on the returns for the years 1982, 1983 and 1984. Therefore, the Court finds that under the circumstances of the Debtor at the time of signing these returns, a reasonable person in the same position would be expected to know of the substantial understatements.

■ Lastly, the Court finds and concludes that it would not be inequitable to hold the Debtor liable for these tax deficiencies. The record in this case indicates

that the Debtor benefited significantly from the items omitted from the income tax returns. She had control over and wrote checks on certain of the bank accounts into which rental income had been deposited. She and her husband enjoyed the use of motor vehicles and paintings, some of which were acquired after they began receiving rental income. The Debtor and her husband took several trips during their marriage, at least two of which were paid for from income received after they acquired the rental properties. Therefore, it is not inequitable to find her liable for the taxes and other assessments for the omitted income. *Gryder v. C.I.R.*, 705 F.2d 336 (8th Cir.1983) *cert. denied,* 464 U.S. 1008, 104 S.Ct. 525, 78 L.Ed.2d 709 (1983).

IT IS ORDERED that this hearing be concluded; and that the Debtor's Objection to the Proof of Claim No. 9 on behalf of the Internal Revenue Service is denied; and that said Claim is allowed in the amount of $18,114.70 as a priority tax claim in this Chapter 13 case.