**In re Darwin E. WHITE, Debtor.**

**Bankruptcy No. 93–50382.**

United States Bankruptcy Court, D. Connecticut.

June 23, 1994.

Darwin E. White, pro se.

Deirdre A. Martini, Asst. U.S. Atty., Bridgeport, CT, for respondent I.R.S.

## MEMORANDUM AND ORDER ON OBJECTION TO PROOF OF CLAIM

ALAN H.W. SHIFF, Bankruptcy Judge.

The debtor objects to a proof of claim for income taxes filed by the Department of the Treasury, Internal Revenue Service (the "Service"). Because I find that the debtor has offered no evidence to rebut the *prima facie* validity of that claim, and because I find the debtor's legal arguments as to the invalidity of the claim to be without merit, the debtor's objection is overruled.

### BACKGROUND

This chapter 13 case was commenced February 3, 1993. A proposed chapter 13 plan and schedules were filed February 18, 1993. Schedule E listed the Service as holding an unsecured priority claim in the amount of $12,000.00. Although the proposed plan stated that the $12,000.00 debt to the Service would be fully paid in 60 monthly payments, it also stated that the amount of the claim was disputed and that the debtor would object to any proof of claim filed by the Service.

On March 4, 1993, the Service filed a Proof of Claim for Internal Revenue Taxes, a copy of which is annexed hereto for reference (the "Proof"). The Proof, designated as Form 6338(C), was signed by R.J. Nadeau, Chief,

Special Procedures Function. Paragraph 1 provides that Nadeau "is the agent of the [Service], and is authorized to make this proof of claim on behalf of the United States." Paragraph 4 states claims for unpaid income taxes in three categories. The first category is for "Secured Claims" in the aggregate amount of $59,716.72 for taxes assessed on July 15, 1985 for the period ending December 31, 1981. The Proof states the date and location of the filing of the notice of tax lien, but the notice itself is not attached. The second category is for "Unsecured Priority Claims" for the years 1989 through 1992 totalling $133,220.91. The entry for 1989 taxes states "Assessment Stayed," taxes due—$30,394.88, and interest to petition date—$11,641.39. The entries for taxes for 1990 through 1992 are each in the amount of $30,394.88 and state that the claims are an "estimated liability." No interest is claimed for those years. The third category is for "Unsecured General Claims" for taxes for the years 1986 through 1988 aggregating $62,125.16, with specific amounts of taxes and interest claimed for each year. The entry for each year indicates: "Asmt Prohibited B/C." Also included as unsecured general claims are penalties totalling $16,877.43.

Page 2 of the Proof contains the following explanation for the estimation of taxes due for the years 1990 through 1992:

ESTIMATED TAX CLAIMS HAVE BEEN FILED BECAUSE THE DEBTOR HAS FAILED TO FILE THE RETURN(S) FOR THE ESTIMATED PERIODS. AS SOON AS THE DEBTOR FILES THE RETURN(S) WITH THE I.R.S. AS REQUIRED BY LAW, THIS CLAIM WILL BE ADJUSTED AS NECESSARY.

Page 3 of the Proof contains the following explanation of the term "Assessment Stayed" used to describe the 1989 tax claim:

ESTIMATED TAX CLAIMS HAVE BEEN FILED BECAUSE OF A PROPOSED ADDITIONAL ASSESSMENT TO THE TAX MADE BY AN EXAMINATION OF THE DEBTORS TAX RETURN FOR THE PERIOD ESTIMATED.

As predicted in his proposed plan, on August 18, 1993, the debtor filed an objection to the Proof. He also filed a memorandum, detailing several objections to the form of the Proof. At an October 15, 1993 hearing on the debtor's objection, he appeared *pro se* but offered no evidence. He conceded that he had filed no tax returns for the years 1990 through 1992, but nevertheless argued that it was improper for the Service to have estimated its claims for those years. The Service countered that, based on information it had received from the taxpayer and his employer, it had estimated tax liabilities where necessary due to the debtor's failure to file returns; that the Proof was in proper form; and that the debtor's objections were insufficient as a matter of law to rebut the Proof.

## DISCUSSION [1]

Section 501(a) provides in relevant part:

A creditor ... may file a proof of claim.

Section 502 provides in relevant part:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.

(b) [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in lawful currency of the United States in such amount, except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured; ...

(c) There shall be estimated for purpose of allowance under this section—

(1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case....

11 U.S.C.A. §§ 501, 502 (West 1993). Rule 3001 Fed.R.Bankr.P. provides in relevant part:

(a) **FORM AND CONTENT.** A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.

(b) **WHO MAY EXECUTE.** A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.

(c) **CLAIM BASED ON A WRITING.** When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim....

(d) **EVIDENCE OF PERFECTION OF SECURITY INTEREST.** If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.

. . . . . .

(f) **EVIDENTIARY EFFECT.** A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

Rule 9009 Fed.R.Bankr.P. provides in relevant part:

The Official Forms prescribed by the Judicial Conference of the United States shall be observed and used *with alterations as may be appropriate. Forms may be combined and their contents rearranged to permit economies in their use....* The forms shall be construed to be consistent with these rules and the Code (emphasis added).

### I. Prima Facie Case and Burden of Proof

 The plain language of the code and rules states that a properly executed and filed proof of claim is allowed unless objected to by a party in interest. If there is such an

**1.** Internal Revenue Code references are designated by "I.R.C." or by a citation to Title 26 of the United States Code, except where the context makes it clear that the reference is to the Internal Revenue Code. Undesignated statutory references are to the Bankruptcy Code unless the context clearly indicates otherwise.

objection that raises factual issues "the objecting party has the initial burden of producing sufficient evidence to rebut the claimant's prima facie case." *In re G. Marine Diesel Corp.*, 155 B.R. 851, 853 (Bankr. E.D.N.Y.1993). *Cf. S.E.C. v. Unifund SAL*, 910 F.2d 1028, 1037 (2d Cir.1990) (" 'Prima facie case' has a clear meaning: evidence of an amount and quality sufficient to send a case to the trier of fact."). The objecting party may not rebut the prima facie case merely by stating that the amount of taxes claimed by the Service is not correct; the objecting party must produce some evidence to support that statement. *Bakst v. United States (In re Katz)*, 168 B.R. 781, 787–89 (Bankr.S.D.Fla.1994) (where testimony of debtor and trustee's expert demonstrated "significant flaws" in the Service's deficiency calculations, prima facie validity of Service's claim was overcome and Service had burden to come forward with credible evidence to support its claim); *Bonapfel v. United States (Matter of All Am. of Ashburn, Inc.)*, 156 B.R. 696, 703 (Bankr.N.D.Ga.1993); *In re Dakota Indus., Inc.*, 131 B.R. 437, 444–45 (Bankr.D.S.D.1991); *In re Crosier*, Bankr. L.Rep. P74,111, 1991 WL 353282, at *3 (Bankr.C.D.Cal.1991) (the fact that the debtor scheduled the Service's claim in an amount less than shown on the Service's proof of claim did not rebut the Service's prima facie case where the debtor put forth no evidence in support of its figure). That evidence must have probative force at least equal to that of the proof of claim. *In re Rasbury*, 130 B.R. 990, 1003 (Bankr.N.D.Ala. 1991), *aff'd*, 141 B.R. 752 (N.D.Ala.1992); *see Juniper Dev. Group v. Kahn (In re Hemingway Transport, Inc.)*, 993 F.2d 915, 925 (1st Cir.) (an objection must be supported by "substantial evidence"), *cert. denied*, — U.S. ——, 114 S.Ct. 303, 126 L.Ed.2d 251 (1993); 3 Lawrence P. King, ed., *Collier on Bankruptcy* ¶ 502.01, at p. 502–16 (15th ed. 1994) ("Unless the ... objector ... introduces evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits the claim."). Further, "[w]hen the taxpayer introduces evidence that refutes the government's proof of claim in a bankruptcy proceeding, any burden shifting to the government of coming forward with relevant evidence involves only those elements that the taxpayer has challenged." *Gran v. Internal Revenue Serv. (In re Gran)*, 964 F.2d 822, 828 (8th Cir.1992). Moreover, if a debtor files an affirmative defense, the debtor has the burden of proof as to that defense. *In re Rasbury, supra*, 130 B.R. at 1003 (taxpayers had burden of proving safe harbor affirmative defense to withholding liability); *In re Clark*, 106 B.R. 602, 603 (Bankr.E.D.Mo. 1989) (innocent spouse defense to tax liability); *In re Ousley*, 92 B.R. 278, 282–83 (Bankr.S.D.Ohio 1988) (duress defense to contractual liability). A defense is affirmative if the absence of the defense is not an element that the plaintiff must prove in order to establish a prima facie case. *United States v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1253 (2d Cir.1989). If the debtor sustains that initial burden, the ultimate burden of persuasion is upon the creditor. *Central Rubber Prods., Inc. v. Stafford Higgins Indus., Inc. (In re Central Rubber Prods., Inc.)*, 31 B.R. 865, 867 (Bankr.D.Conn.1983).

■ Outside of the bankruptcy context, the taxpayer normally bears the burden of disproving a deficiency assessed by the Service. *Burke v. Comm'r*, 929 F.2d 110, 112 (2d Cir.1991). There is disagreement as to whether that rule alters the normal burden of persuasion in bankruptcy proceedings where the burden remains with a claimant. *Compare Internal Revenue Serv. v. Levy (In re Landbank Equity Corp.)*, 973 F.2d 265, 269–71 (4th Cir.1992) (taxpayer retained burden of proving bad debt deduction in bankruptcy proceeding) *with Placid Oil Co. v. Internal Revenue Serv. (Matter of Placid Oil Co.)*, 988 F.2d 554, 557 (5th Cir.1993) (once taxpayer-debtor produced sufficient evidence to rebut the Service's prima facie case of nondeductibility of claimed deductions, the Service had the ultimate burden to prove by a preponderance of the evidence that the deductions were invalid).[2]

---

**2.** Any presumption in favor of the Service in this bankruptcy proceeding would arguably be applicable only with respect to the portion of the Service's claim evidencing taxes which were as-

As noted, the Service has filed a proof of claim establishing a prima facie case. The Service therefore had an allowed claim until the debtor filed an objection which arguably raised questions of fact. At that point, the debtor had the initial burden of offering evidence to support his objection. He failed to meet that burden. Legal memoranda and oral argument do not suffice as evidence sufficient to create a factual dispute. *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 526 (2d Cir.1994). Thus, to the extent the debtor's objections rest on factual allegations, they are overruled. But that ruling is not dispositive if the Service's claim is defective as a matter of law. *See World Sav. and Loan Ass'n v. Lenz (In re Lenz)*, 110 B.R. 523, 525 (D.Colo.1990) (where undisputed facts showed that deficiency claim was invalid, claim was properly disallowed). For the reasons that follow, I find that it is not.

## II. Objections

### A. Internal Revenue Code § 6020 and the Effect of Assessment

■ The debtor's first argument is that the Service has failed to take certain actions which are conditions precedent to his liability to pay taxes. He argues that since he did not file returns, the Service was required to do so on his behalf. He also argues that the Service was obligated to make an assessment of his tax liability.[3] Those arguments fail as a matter of law.

26 U.S.C.A. § 6020 (West 1989) provides:

(a) **Preparation of return by Secretary.**—If any person shall fail to make a return ... but shall consent to disclose all information necessary for the preparation thereof ... the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.

(b) **Execution of return by Secretary.**—

(1) **Authority of Secretary to execute return.**—If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

(2) **Status of returns.**—Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes.

The debtor appears to argue that § 6020 excuses him from filing a return and that he has no liability for unpaid income taxes until and unless the Secretary of the Service files a return for him. That argument ignores the plain language of 26 U.S.C.A. § 6012 (West 1989), which requires every individual whose income exceeds *de minimis* amounts to make a return; it ignores § 6072(a), which requires that return to be filed by April 15 of the year following the year for which the tax is due; and it ignores § 6151(a), which requires all persons liable for taxes to pay them "without assessment or notice and demand from the Secretary."[4] None of those duties is conditioned on the Secretary's making a return.[5]

---

sessed prepetition. *See In re Rasbury, supra*, 130 B.R. at 1002; *United States v. Kontaratos*, 36 B.R. 928, 931 (D.Me.1984). *See generally* Elmer Dean Martin III, *Burden of Persuasion: The Overlooked Defense to Tax Claims*, 21 CAL.BANKR.J. 117 (1993).

3. Those objections and several others addressed in this memorandum were raised for the first time at the hearing on the debtor's objection, and not in the debtor's *Brief in Support of Objection to Proof of Claim*, filed August 18, 1993, or an apparently identical *Memorandum of Law in Support of Objection to Proof of Claim*, filed October 8, 1993. Because I find the objections to be without merit, I do not consider whether the Service was prejudiced by that omission.

4. 26 U.S.C.A. § 6151(a) (West 1989) provides in relevant part:

Except as otherwise provided in this subchapter, when a return of tax is required under this title or regulations, the person required to make such return shall, *without assessment or notice and demand from the Secretary*, pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return (determined without regard to any extension of time for filing the return) (emphasis added).

5. In the *Government's Response to Debtor's Objection to the Internal Revenue Service's Proof of Claim*, filed September 9, 1993, and at the hearing on the debtor's objection, the Service alleged that the debtor's failure to file returns and pay

The debtor's argument is not novel. Courts have consistently rejected the argument that § 6020 relieves a taxpayer of the duty to make returns and pay income taxes for which he or she is liable. *Schiff v. United States,* 919 F.2d 830, 832 (2d Cir.1990) ("[W]hen a taxpayer does not file a tax return, it is as if he filed a return showing a zero amount for purposes of assessing a deficiency. There is no requirement that the IRS complete a substitute return."), *cert. denied,* 501 U.S. 1238, 111 S.Ct. 2871, 115 L.Ed.2d 1037 (1991); *United States v. Stafford,* 983 F.2d 25, 27 (5th Cir.1993) (Section 6020(b) "authorizes the Secretary to file for a taxpayer, ... [but] does not require such a filing, nor does it relieve the taxpayer of the duty to file."); *United States v. Powell,* 955 F.2d 1206, 1213 (9th Cir.1991) [6]; *Bergstrom v. United States (In re Bergstrom),* 949 F.2d 341, 343 (10th Cir.1991); *United States v. Verkuilen,* 690 F.2d 648, 657 (7th Cir.1982); *Pascoe v. Internal Revenue Serv.,* 580 F.Supp. 649, 653 (E.D.Mich.1984), *aff'd,* 755 F.2d 932 (6th Cir.1985); *Rank v. United States (In re Rank),* 161 B.R. 406, 409 (Bankr.N.D.Ohio 1993).

■ In a related argument, the debtor contends that he has no tax liability for taxes that have not been assessed. That argument clearly fails as to taxes for years in which he filed no return. A taxpayer who has not filed a return so that an assessment could not be made by the Service cannot fairly argue that there is no tax liability for the unreported years. *Stang v. Internal Revenue Serv.,* 788 F.2d 564, 565–66 (9th Cir.1986) (a taxpayer who failed to file his returns could not compel the Service by mandamus to calculate his taxes and give him notice of assessment; the Service's power to assess is discretionary); *United States v. Latham,* 754 F.2d 747, 750 (7th Cir.1985). Indeed, I.R.C. § 6501(c)(3) (West Supp.1994) authorizes the commencement of a court proceeding to collect taxes

without assessment at any time where the taxpayer fails to file a return. The debtor's dereliction of his duty to file returns explains the absence of an assessment for at least three of the tax years in question, and he is estopped from relying on that circumstance to defeat the Service's claim.

■ Even if the debtor filed returns for some of the years in question, the Service's failure to assess does not relieve him from liability. "An assessment is an administrative determination that a certain amount is currently due and owing as a tax. It makes the taxpayer a debtor in much the same way as would a judgment." *Rambo v. United States,* 492 F.2d 1060, 1061 n. 1 (6th Cir.1974) (citing *Bull v. United States,* 295 U.S. 247, 259–60, 55 S.Ct. 695, 699–700, 79 L.Ed. 1421 (1935)), *cert. denied,* 423 U.S. 1091, 96 S.Ct. 886, 47 L.Ed.2d 103 (1976). Just as a creditor need not hold a judgment in order to be entitled to assert a claim in bankruptcy, so the Service need not have made an assessment in order to assert that it has a "claim," i.e. a "right to payment," *see* 11 U.S.C.A. § 101(5) (West 1993). As noted, § 6151(a) places an obligation on the taxpayer to pay the tax when due without assessment and without notice and demand. If the taxpayer has the obligation absent assessment, the Service has the right to be paid absent assessment. "Under Section 6151 of the Internal Revenue Code, regardless of when federal taxes are actually assessed, the taxes are considered as due and owing, and constitute a liability as of the date the tax return for the particular period is required to be filed." *Fed. Deposit Ins. Corp. v. United States,* 654 F.Supp. 794, 806 (N.D.Ga.1986). *Accord Baasch v. United States,* 742 F.Supp. 65, 68 (E.D.N.Y.1990), *aff'd,* 930 F.2d 911 (2d Cir.1991); *Davis v. Columbia Constr. Co., Inc. (In re Davis),* 936 F.2d 771, 774 (4th Cir.1991) ("An assessment of a tax is not a

---

taxes was in violation of conditions of probation imposed upon him by the United States District Court for the Middle District of Tennessee. What the Service claims to be a copy of those conditions is attached to the Service's response. Because those conditions were not put in evidence, I rely solely on federal law for authority that the debtor had an obligation to make returns and has a present tax liability.

**6.** Both *Stafford* and *Powell* held that § 6020(b) is relevant to a criminal defendant's good faith belief that he or she had no duty to file a return. The debtor's good faith belief is irrelevant in this civil proceeding, where the sole issue is the enforceability of the Service's tax claim as a matter of law.

prerequisite to the imposition of tax liability."); *In re Davison,* 156 B.R. 600, 603 (Bankr.E.D.Ark.1993) ("[U]nassessed taxes, due and owing, fall within the concept of a claim in bankruptcy."); *Kilen v. United States (In re Kilen),* 129 B.R. 538, 548 (Bankr.N.D.Ill.1991). Further, § 507(a)(7)(A)(iii) gives priority to "allowed unsecured claims" for certain unassessed taxes, and § 1322(a)(2) requires the plan to pay such claims in full in deferred cash payments, indicating that the failure to assess is not alone grounds for disallowance. *See In re Davison, supra,* 156 B.R. at 603. Section 505(a)(1) also authorizes this court to determine the amount or legality of an unassessed tax.[7]

It should be emphasized that the issue presented is whether the Service's claim may be allowed, not whether that claim could be collected through enforcement procedures in a nonbankruptcy forum. For example, the Service must generally make an assessment, *see* I.R.C. § 6203, send a notice of deficiency, *see* I.R.C. § 6212, and send a notice and demand for payment, *see* § 6303(a), as conditions precedent to obtaining a lien on a taxpayer's property. *Brewer v. United States,* 764 F.Supp. 309, 315 (S.D.N.Y.1991). Those enforcement procedures are not conditions precedent to the allowance of the Service's claim under bankruptcy law. Filing a proof

of claim for unassessed taxes is not an attempt to collect the taxes. Further, while I.R.C. § 6213(a) generally precludes the Service from making an assessment or levy or commencing a collection proceeding in any court until a statutory notice of deficiency is mailed and for a 90 day period thereafter, during which time the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency, the Service is expressly authorized to "fil[e] a proof of claim or request for payment (or ... tak[e] ... any other action) in a case under title 11 of the United States Code" notwithstanding that prohibition. 26 U.S.C.A. § 6213(a), (f)(2) (West Supp.1994). Section 6213 thus supports the proposition that neither a notice of deficiency nor an assessment is a condition precedent to the filing and allowance or disallowance of a proof of claim. It is noted that the debtor does not raise any affirmative defense that any of the Service's claims for unassessed taxes may not be assessed due to lapse of time, nor that its claims for assessed taxes may not be collected for that reason.[8] Finally, even if the debtor's arguments had legal merit, at best they raise an affirmative defense to liability for taxes on which the debtor would bear the burden of proof. As noted, he offered no evidence that the Secretary has *not* filed a return or that it failed to make a required assessment.

**7.** To the extent that *In re Flanigan's Enters., Inc.,* 75 B.R. 446, 449 (Bankr.S.D.Fla.1987), suggests 03 that assessment is a condition precedent to the allowance of a proof of claim for income taxes, I respectfully disagree. I note that the court there subsequently vacated its prior order and allowed the Service's claims at least in part. 117 B.R. 724 (Bankr.S.D.Fla.1988).

**8.** The Service has been stayed from making any assessment since the commencement of this case on February 3, 1993. *See* § 362(a)(6). While the stay does not bar the sending of notices of deficiency, *see* § 362(b)(9), as noted, such a notice is not a condition precedent to the Service's filing of a valid proof of claim, and the debtor has not in any event raised the failure to send any such notice, if required, to rebut the prima facie validity of the Service's claim. Indeed, the debtor indicated at the hearing that he had received notices of deficiency, and had sent affidavits to Service officials asking them to verify under oath that the claimed deficiencies were true and correct. Nor has the debtor made any showing in rebuttal of the Service's prima facie

case that any of the Service's claims are unassessable or uncollectible due to lapse of time. I note that taxes may be assessed and collection procedures begun at any time as to tax years for which the debtor failed to file a return, 26 U.S.C.A. § 6501(c)(3) (West Supp.1994); that the time period for the Service to commence a court action to collect assessed taxes is ten years, *id.,* § 6502(a) (amended affective November 5, 1990, to extend the limitations period from six to ten years); and that filing of a case under title 11 extends the limitation to assess for 60 days and to collect for six months after the stay is no longer in effect, *id.,* § 6503(h). Under those statutes, there is no basis to find that the Service's claims are unassessable or uncollectible on the present record. Finally, while the debtor made reference to I.R.C. § 6203's requirement that the Secretary of the Service furnish the taxpayer a copy of the record of the assessment on request, he offered no evidence that he had made such a request as to existing assessments, or that the Secretary had failed to comply with any such request. It does not appear that § 6203 empowers the taxpayer to compel the Service to issue an assessment as to unassessed taxes.

## B. Proof of Claim Not Under Oath

█ The debtor claims that the Proof is invalid because it is not under oath. He argues that Black's Law Dictionary defines proof of claim as a statement under oath and that the Official Form for proofs of claim contains a statement that the form is signed under penalty of perjury.

Neither the bankruptcy code nor Rule 3001 requires that a proof of claim be made under oath or under penalties of perjury. Bankruptcy Act § 93 originally contained a requirement that a proof of claim be under oath, but that requirement was deleted in 1960 by Pub.L. No. 86–519, which amended § 93(a) to provide that a properly filed proof of claim was prima facie evidence of the claim's validity and amount "even though not verified under oath." Further, the current version of Official Form 10, which was adopted August 1, 1991, and amended March 16, 1993, does not contain a statement that the proof of claim is signed under penalty of perjury. *See* 11 U.S.C.A., *Official and Procedural Bankruptcy Forms* 72 (West Supp. 1994).[9] Both the Official Form and the Service's Proof contain a reference to 18 U.S.C. § 152 which makes it a crime to, *inter alia*, knowingly and fraudulently present a false claim against a debtor's estate.

█ The debtor also argues that 26 U.S.C.A. § 6065 (West 1989) requires that the Proof be under penalty of perjury. Section 6065 provides:

> *Except as otherwise provided by the Secretary*, any return, declaration, statement, or other document *required to be made under any provision of the internal revenue laws or regulations* shall contain or be verified by a written declaration that it is made under the penalties of perjury (emphasis added).

That section is intended to require taxpayers, not the Service, to make returns under pen-

alties of perjury. To conclude otherwise would require an agent of the Service to file a proof of claim under penalty of perjury on the basis of a best estimate of a recalcitrant taxpayer's liability. The consequences of a miscalculation cannot fairly be imposed upon such an agent, and the debtor's apparent argument to the contrary is no more than a *disingenuous attempt to interfere with the* Service's statutory obligation to collect taxes. That construction is also supported by I.R.C. § 6020(b) which validates returns "subscribed by the Secretary," without any requirement that the return be under penalty of perjury. While there are several regulations which direct personnel to file a proof of claim upon receiving notice of a taxpayer's bankruptcy, *see, e.g.,* 26 C.F.R. §§ 301.-6871(a)–2, 301.6871(b)–1, 601.109 (1994), those regulations are merely internal agency instructions and cannot be read to require that proofs of claim filed by the Service be under oath. Further, the Secretary may provide for exceptions to I.R.C. § 6065, and apparently has done so by promulgating what appears to be I.R.S. Form No. 6338(C), which contains no requirement that the form be signed under penalty of perjury. Finally, to the extent that I.R.C. § 6065 conflicts with the more specific provisions of the bankruptcy code and rules, I must look to the latter to determine the proper form of a bankruptcy proof of claim. *See Am. Land Title Ass'n v. Clarke,* 968 F.2d 150, 157 (2d Cir.1992) (statute that addresses matter in specific terms controls over more general one), *cert. denied,* —— U.S. ——, 113 S.Ct. 2959, 125 L.Ed.2d 660 (1993).[10]

## C. Other Objections to Form

█ The debtor argues that the Service's form deviates from the Official Form because it is styled "Unsecured General Claims" rather than "Unsecured Nonpriority Claim." He

9. The form attached to the debtor's brief as Exhibit A, Form B–19, which indicates it was last revised in March of 1988, is *not* the current version of the Official Form 10 prescribed by the Judicial Conference. Current Form 10 replaced previous Forms 19, 20 and 21. *See* 1991 Advisory Committee Note, *id.* at 73.

10. Indeed, under the informal proof of claim doctrine, the courts have developed a flexible standard for determining the sufficiency of a claim on a bankruptcy estate irrespective of the form in which the claim is made. *See Wright v. Holm (In re Holm),* 931 F.2d 620, 622 (9th Cir. 1991); *Associated Fin. Servs. Co. of Massachusetts, Inc. v. Pabis (In re Pabis),* 62 B.R. 633, 636–37 (Bankr.D.Conn.1986).

also argues that the Proof separately itemizes penalty claims and the Official Form does not require that itemization. I find that the Service's Proof substantially conforms to the Official Form notwithstanding those alterations. Further, § 507(a)(7)(G) gives administrative priority to penalties only if they are "in compensation for actual pecuniary loss." Separate itemization of penalty amounts should be encouraged as facilitating administration of the estate.

 The debtor points out that item 7 of the Official Form requires the claimant to "[a]ttach copies of supporting documents, such as promissory notes, ... contracts, court judgments, or evidence of security interests." Item 4 also requires attachment of evidence of perfection of a security interest. Those requirements derive from Rule 3001(c) and (d) Fed.R.Bankr.P., which require that, if a claim is "based on a writing," the original or a duplicate of that writing shall be filed with the proof of claim, and that the "proof of claim shall be accompanied by evidence that the security interest has been perfected." As noted, the Service did not attach a copy of its notice of tax lien or any other document to the Proof. The Service was not required to do so, however, because its claim and lien are based not on a writing, but on federal statutes. It is not necessary for the Service to attach a copy of the relevant sections of the Internal Revenue Code to its proof of claim. *See Spiers v. Ohio Dep't of Natural Resources (In re Jenny Lynn Mining Co.),* 780 F.2d 585, 587 (6th Cir.) (claim based on failure to post performance bond for strip mining reclamation as required by statute was not based on a writing under predecessor to Rule 3001(c)), *cert. denied,* 477 U.S. 905, 106 S.Ct. 3276, 91 L.Ed.2d 566 (1986). Further, while part of the Service's claim is alleged to be secured, that security is a "statutory lien," i.e., a lien arising solely by force of a statute, *see* § 101(53), not a "security interest," i.e., a lien created by an agreement, *see* § 101(51). See 26 U.S.C.A. §§ 6321 *et seq.* (West 1989 & Supp.1994)

(creating and defining characteristics of a tax lien).[11] The Proof is therefore not defective.

 The debtor next attacks the Service's Proof because the Official Form has the following statement above the signature line: "Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)." While the Proof does not have that statement immediately above the signature line, it states the name and title of the agent executing the Proof and recites the agent's authority to do so in paragraph 1. The Proof thus substantially conforms to the Official Form. *See* Rules 3001(b) Fed.R.Bankr.P. (proof of claim must generally be executed by creditor or its authorized agent); 9010(a)(2), (c) (an authorized agent may execute a proof of claim without a power of attorney).

 The debtor claims that the Proof is defective because it describes some of the components of the claim as "estimated." The debtor states that there is no code authority for filing an estimated proof of claim. I disagree. A "claim" is broadly defined to include any right to payment, even if it is unliquidated. § 101(5). Further, § 502(c) specifically requires that the court estimate unliquidated claims where the liquidation of the claim would unduly delay the administration of the case. *See In re Poiroux,* 167 B.R. 980, 982 (Bankr.S.D.Ala.1994) (where Service's proof of claim against debtor/car dealer was based on estimation of $600.00 profit for each car sold, debtor's protestation that that figure was wrong, without presenting evidence of the correct figure, was insufficient to overcome the presumptive validity of the Service's proof of claim); *Matter of King,* 102 B.R. 184, 186–87 (Bankr.D.Neb.1989) (overruling debtor's objection to Service's claim on the ground that it was for an estimated deficiency), *rev'd on other grounds,* 137 B.R. 43 (D.Neb.1991). The debtor also argues that the Service's Proof is internally inconsistent because on page 2 it indicates that taxes

**11.** The Internal Revenue Code definition of "security interest," cited by the debtor in his memorandum, is consistent with the Bankruptcy Code definition, and does not describe a tax lien. *See* 26 U.S.C.A. § 6323(h)(1) (West Supp.1994) ("The term 'security interest' means any interest in property *acquired by contract* for the purpose of securing payment or performance of an obligation....") (emphasis added).

were estimated because no returns had been filed, and on page 3 it indicates that taxes were estimated due to a proposed additional assessment made after review of the debtor's tax return. However, the comment on page 2 refers to the taxes claimed for the years 1990 through 1992, while the comment on page 3 refers to taxes claimed for 1989. It may be the case that the debtor filed a return for 1989, or that the Secretary exercised the authority provided by § 6020(b) to make and subscribe a return on the debtor's behalf for that year. In any event, even if an inconsistency exists, it is not so substantial as to render the Service's Proof defective.[12]

### D. Penalty of Perjury

 The debtor's final argument is that it is a felony under 26 U.S.C.A. § 7206(1) (West 1989) to wilfully make or subscribe a return under penalty of perjury which the taxpayer "does not believe to be true and correct as to every material matter," and that his fear of violating that statute explains his failure to file returns. I reject that argument. First, it is at best an affirmative defense. The debtor has offered no evidence that he is indigent and could not afford to seek assistance in preparing his returns if his financial situation was complex, nor that he was unable to take advantage of the free taxpayer assistance the Service offers at its various branches and over the telephone.[13] Second, the complexity of the tax laws has led Congress and the courts to require a heightened standard of wilfulness to prove a criminal violation. *Cheek v. United States*, 498 U.S. 192, 200, 111 S.Ct. 604, 609, 112 L.Ed.2d 617 (1991). A taxpayer's ignorance or misunderstanding of the tax laws may form the basis for a good faith defense to a criminal prosecution. *Id.* at 202, 111 S.Ct. at 610.

To prove a violation of § 7206(1), ... the government must prove that the defendant (1) filed a return ... that was false as to a material matter; (2) signed the return ... under penalty of perjury; (3) did not believe the return ... was true as to every material matter; and (4) wilfully subscribed to the false return with the specific intent to violate the law.

*United States v. Hanson*, 2 F.3d 942, 945 (9th Cir.1993). The wilfulness requirement mandates proof of the intentional violation of a known legal duty; "gross carelessness or negligence is not sufficient." *United States v. Dyer*, 922 F.2d 105, 108 (2d Cir.1990) (the filing of an amended return supports an inference only of mistake, not of fraud). Criminal penalties for filing a false return thus cannot hold *in terrorem* the honest taxpayer who, in good faith, makes a mistake on his or her return.[14]

Finally, and more to the point, the debtor's argument is disingenuous. In his memorandum and at the hearing, he referred to several sections of the Internal Revenue Code in an attempt to escape liability for taxes, yet he is curiously ignorant of those sections of the I.R.C. that obligate him to file returns and pay taxes on his income. In *Cheek, supra*, 498 U.S. at 205–06, 111 S.Ct. at 612–13, the Court held that a taxpayer's belief that the tax code is unconstitutional does not negate the intent necessary to convict the taxpayer of a criminal violation. The Court noted:

Claims that some of the provisions of the tax code are unconstitutional ... do not arise from innocent mistakes caused by the complexity of the Internal Revenue Code. Rather, they reveal full knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable. ... We do not believe that Congress contemplated

---

**12.** The debtor's arguments that the Service has violated United States criminal statutes by filing a false or fraudulent claim, *see, e.g.* 18 U.S.C.A. § 152 (West Supp.1994), 18 U.S.C.A. § 1001 (West 1976), are likewise rejected. There has been absolutely no showing that the Proof is false or fraudulent.

**13.** I note that, if the debtor followed the most direct route to the courtroom to argue the instant

contested matter, he walked past a Service information office.

**14.** The debtor does not suggest that the threat of civil penalties, *see, e.g.*, 26 U.S.C.A. § 6651 (West Supp.1994), which are designed to provide a financial deterrent to late filing or payment, prevented him from meeting his obligations.

that such a taxpayer, without risking criminal prosecution, could ignore the duties imposed upon him by the Internal Revenue Code and refuse to utilize the mechanisms provided by Congress to present his claims of invalidity to the courts and to abide by their decisions.

The debtor came to this court of equity seeking to readjust his debts. He was given a full and fair opportunity to support his objection to the Service's claim by offering evidence that he owed no taxes or that the claim was overstated. Instead, he chose to pursue specious legal arguments. That effort has failed, his objections are overruled, and the Service's claim is allowed in full.[15]

### III. Conversion or Dismissal

In its response to the debtor's objection, the Service challenges the debtor's eligibility for chapter 13 relief under § 109(e),[16] but it has not filed a motion seeking the dismissal or conversion of this case. The debtor scheduled unsecured debt of approximately $22,000.00. It is apparent that the

Service's claim was not contingent on the filing date. Arguably, the debtor's objection did not render the claim unliquidated on that date. *See In re Hustwaite,* 136 B.R. 853, 855 (Bankr.D.Or.1991) (a frivolous objection or one which raises only legal rather than factual issues does not render a claim unliquidated for purposes of § 109(e)). However, conversion or dismissal over the debtor's objection must be determined on motion after notice and a hearing. *See* § 1307(c). Accordingly, I will not now consider whether the debtor is eligible for chapter 13 relief or, if he is not, whether conversion or dismissal would be in the best interests of creditors and the estate.

### ORDER

For the foregoing reasons, the debtor's objection to the Service's claim is OVERRULED. The Service's claim is allowed in the amount of $255,062.79, of which $59,716.72 is secured, $133,220.91 is unsecured priority, and $62,125.16 is unsecured nonpriority. IT IS SO ORDERED.[17]

---

15. While not raised by the debtor, I note that $30,394.88 of the Service's priority claim relates to 1992 taxes which became due after the petition date. Section 1305(a)(1) nevertheless authorizes the Service to file a proof of claim for those taxes, and § 1305(b) directs me to allow or disallow that claim as though it had arisen prepetition. *See Matravers v. United States (In re Matravers),* 149 B.R. 204, 206 (Bankr.D.Utah 1993).

16. 11 U.S.C.A. § 109(e) (West 1993) provides in relevant part:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000, or an individual with regular income and such individual's spouse ... that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $100,000 and noncontingent, liquidated, secured debts of less than $350,000 may be a debtor under chapter 13 of this title.

17. The debtor raised no objection to the Service's allocation of its claim among these categories. The allocation in any event appears appropriate. *See* § 507(a)(7)(A)(i). The debtor has also not

objected specifically to the Service's calculations of interest and penalties. The Service is generally entitled to interest and penalties where taxes are not timely paid. See 26 U.S.C.A. §§ 6651(a)(1), 6601(a) (West Supp.1994). Penalties may be avoided if it is shown that the failure to pay is due to reasonable cause and not to willful neglect, but the taxpayer has the burden of proof on that issue outside of bankruptcy, *Baasch v. United States, supra,* 742 F.Supp. at 69, and would retain that burden in bankruptcy, because that defense to assessment of a penalty would be an affirmative defense. *See infra,* p. 829. I also note but distinguish *Capozzi v. United States,* 980 F.2d 872, 875 (2d Cir.1992), in which the Second Circuit stated that "[n]o legal liability arises until the IRS assesses the penalty." That statement was made in connection with a holding that a five year statute of limitations applicable to actions for the *enforcement* of penalties did not apply to *assessment* of penalties. That case involved a penalty for certain fraudulent statements in connection with a tax shelter under 26 U.S.C.A. § 6700 (West Supp.1994). Unlike penalties under § 6700, penalties under § 6651(a) are automatically added to the amount of tax required to be shown on the return; a taxpayer is liable for them as they accrue unless the taxpayer can prove entitlement to the safe harbor.

| Form **6338(C)** | Department of the Treasury — Internal Revenue Service | Case Number |
|---|---|---|
| (Rev. June 1986) | **Proof of Claim for Internal Revenue Taxes** (Bankruptcy Code Cases) | Type of Bankruptcy Case: Chapter 13 |

Date of Petition: 02/03/93

United States Bankruptcy Court for the BRIDGEPORT District of CONNECTICUT

**In the Matter of:** DARWIN E. WHITE
2 MAPLE STREET
SEYMOUR CT 06493

**Taxpayer Identifying Number**
Social Security Number: A - 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
Employer Identification Number

1. The undersigned, whose business address is 135 High St., Hartford, CT 06103, is the agent of the Department of Treasury, Internal Revenue Service, and is authorized to make this proof of claim on behalf of the United States.
2. The debtor is indebted to the United States in the sum of $ 255,062.79 as of the petition date.
3. The amount of all payments on this claim has been credited and deducted for the purpose of making this claim.
4. The ground of liability is taxes due under the internal revenue laws of the United States.

Total Secured Amount 59,716.72 Total Priority Amount 133,220.91
Total General Amount 62,125.16

**A. Secured Claims** (Notice of Federal tax lien filed under internal revenue laws before petition date)

| TIN Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Date | Notice of Tax Lien Filed: Office Location |
|---|---|---|---|---|---|---|---|
| A INCOME | 12/31/81 | 07/15/85 | $1,044.38 | 10,048.99 | 38,623.35 | 05/11/92 | S/S HARTFORD |
| | | | | | | 05/15/92 | T/C STRATFORD |

For the purposes of section 506(b) of the Bankruptcy Code, post petition interest may be payable.

**B. Unsecured Priority Claims** under section 507(a)(7) of the Bankruptcy Code

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|
| A INCOME | 12/31/89 | 3 ASSESSMENT STAYED | $ 30,394.88 | 11,641.39 |
| A INCOME | 12/31/90 | 1 ESTIMATED LIABILITY | 30,394.88 | 0.00 |
| A INCOME | 12/31/91 | 1 ESTIMATED LIABILITY | 30,394.88 | 0.00 |
| A INCOME | 12/31/92 | 1 ESTIMATED LIABILITY | 30,394.88 | 0.00 |

**C. Unsecured General Claims**

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|
| A INCOME | 12/31/86 | ASMT PROHIBTD B/C | $ 13,035.12 | $ 12,968.65 |
| A INCOME | 12/31/87 | ASMT PROHIBTD B/C | 4,395.00 | 3,450.95 |
| A INCOME | 12/31/88 | ASMT PROHIBTD B/C | 7,215.00 | 4,183.01 |

Penalty to date of petition on unsecured priority claims . . . . . . . . $ 9,645.18
Penalty to date of petition on unsecured general claims . . . . . . . . $ 7,232.25
5. No note or other negotiable instrument has been received for the account or any part of it, except NONE
6. No judgment has been rendered on this claim, except NONE
7. This claim is not subject to any setoff or counterclaim, except NONE
8. No security interest is held, except for the secured claims listed in item 4A above, and NONE
9. To the extent that post petition penalties and interest are nondischargeable and remain unpaid, they may be collectible from the debtor.

| Penalty for Presenting Fraudulent Claim—Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C. Section 152. | Signature | Date 03/01/93 |
|---|---|---|
| | Title Chief, Special Procedures Function | Telephone Number (203) 240-4048 |

Part 1 - For Court (or Fiduciary, if required by local procedures) Form 6338(C) (Rev. 6-86)

| Form **6338(C)** (Rev. June 1986) | Department of the Treasury — Internal Revenue Service<br>**Proof of Claim for Internal Revenue Taxes**<br>**(Bankruptcy Code Cases)** | Case Number<br>92-50302 |
| --- | --- | --- |
| | | Type of Bankruptcy Case<br>Chapter 13 |

| | Date of Petition<br>02/03/93 |
| --- | --- |
| United States Bankruptcy Court for the BRIDGEPORT _____ District of CONNECTICUT _____ | |
| **In the Matter of:** DARWIN E. WHITE<br>2 MAPLE STREET<br>SEYMOUR CT 06483 | **Taxpayer Identifying Number**<br>Social Security Number<br>A - 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<br>Employer Identification Number |

1. The undersigned, whose business address is 135 High St, Hartford, CT 06103 _____, is the agent of the Department of Treasury, Internal Revenue Service, and is authorized to make this proof of claim on behalf of the United States.
2. The debtor is indebted to the United States in the sum see page 1 _____ as of the petition date.
3. The amount of all payments on this claim has been credited and deducted for the purpose of making this claim.
4. The ground of liability is taxes due under the internal revenue laws of the United States.

**A. Secured Claims** (Notice of Federal tax lien filed under internal revenue laws before petition date)

| TIN<br>Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed:<br>Date | Office Location |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | $ | $ | | | |

For the purposes of section 506(b) of the Bankruptcy Code, post petition interest may be payable.

**B. Unsecured Priority Claims** under section 507(a)(7) of the Bankruptcy Code

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- |
| | | | $ | $ |

**C. Unsecured General Claims**

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- |

1* ESTIMATED TAX CLAIMS HAVE BEEN FILED BECAUSE THE DEBTOR HAS FAILED TO FILE THE RETURN(S) FOR THE ESTIMATED PERIODS. AS SOON AS THE DEBTOR FILES THE RETURN(S) WITH THE I.R.S. AS REQUIRED BY LAW, THIS CLAIM WILL BE ADJUSTED AS NECESSARY. Estimated liability definitions continued, see next page.

Penalty to date of petition on unsecured priority claims . . . . . . . . . . . . . . . . . . . . $ see Page 1
Penalty to date of petition on unsecured general claims . . . . . . . . . . . . . . . . . . $ see Page 1

5. No note or other negotiable instrument has been received for the account or any part of it, except NONE _____.
6. No judgment has been rendered on this claim, except NONE _____.
7. This claim is not subject to any setoff or counterclaim, except NONE _____.
8. No security interest is held, except for the secured claims listed in item 4A above and NONE _____.
9. To the extent that post petition penalties and interest are nondischargeable and remain unpaid, they may be collectible from the debtor.

| Penalty for Presenting Fraudulent Claim—Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C. Section 152. | Signature | Date<br>03/01/93 |
| --- | --- | --- |
| | Title<br>Chief, Special Procedures Function | Telephone Number<br>(203) 240-4048 |

Part 1 - For Court (or Fiduciary, if required by local procedures) Form 6338(C) (Rev. 6-86)

| Form **6338(C)** (Rev. June 1986) | Department of the Treasury — Internal Revenue Service **Proof of Claim for Internal Revenue Taxes** (Bankruptcy Code Cases) | Case Number ~ ~ ~ |
|---|---|---|
| | | Type of Bankruptcy Case chapter 13 |
| | | Date of Petition 02/03/93 |

United States Bankruptcy Court for the BRIDGEPORT_____ District of CONNECTICUT

| Date of Petition |
|---|
| 02/03/93 |

In the Matter of: DARWIN E. WHITE
2 MAPLE STREET
SEYMOUR CT 06483

| Taxpayer Identifying Number |
|---|
| Social Security Number A — 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 |
| Employer Identification Number |

1. The undersigned, whose business address is 135 High St. Hartford, CT 06103_____, is the agent of the Department of Treasury, Internal Revenue Service, and is authorized to make this proof of claim on behalf of the United States.
2. The debtor is indebted to the United States in the sum of $ page 1_____ as of the petition date.
3. The amount of all payments on this claim has been credited and deducted for the purpose of making this claim.
4. The ground of liability is taxes due under the internal revenue laws of the United States.

**A. Secured Claims** (Notice of Federal tax lien filed under internal revenue laws before petition date)

| TIN Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Penalty to Petition Date | Interest to Petition Date | Notice of Tax Lien Filed: Date | Office Location |
|---|---|---|---|---|---|---|---|
| | | | $ | $ | | | |

For the purposes of section 506(b) of the Bankruptcy Code, post petition interest may be payable.

**B. Unsecured Priority Claims** under section 507(a)(7) of the Bankruptcy Code

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|
| | | | $ | $ |

**C. Unsecured General Claims**

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|

3* ESTIMATED TAX CLAIMS HAVE BEEN FILED BECAUSE OF A PROPOSED ADDITIONAL ASSESSMENT TO THE TAX MADE BY AN EXAMINATION OF THE DEBTORS TAX RETURN FOR THE PERIOD ESTIMATED.

Penalty to date of petition on unsecured priority claims . . . . . . . . . . . . . . . . . . . . . $ see Page 1
Penalty to date of petition on unsecured general claims . . . . . . . . . . . . . . . . . . . . $ see Page 1
5. No note or other negotiable instrument has been received for the account or any part of it, except NONE_____.
6. No judgment has been rendered on this claim, except NONE_____.
7. This claim is not subject to any setoff or counterclaim, except NONE_____.
8. No security interest is held, except for the secured claims listed in item 4A above and NONE_____.
9. To the extent that post petition penalties and interest are nondischargeable and remain unpaid, they may be collectible from the debtor.

| Penalty for Presenting Fraudulent Claim—Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C. Section 152. | Signature | Date 03/01/93 |
|---|---|---|
| | Title Chief, Special Procedures Function | Telephone Number (203) 240-4048 |

Part 1 - For Court (or Fiduciary, if required by local procedures)

Form 6338(C) (Rev. 6-86)