**In re Robert C. HOLLARS, Debtor.**

**Bankruptcy No. 95–13202.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

April 23, 1996.

271

Thomas W. Roberts, Erlanger, KY, for Debtor.

Louis H. Hill, Special Assistant U.S. Attorney, Cincinnati, OH, Leslie M. Singer, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., for U.S.

Margaret A. Burks, Chapter 13 Trustee, Cincinnati, OH.

**ORDER**

BURTON PERLMAN, Bankruptcy Judge.

The United States of America, through the Internal Revenue Service ("IRS") filed a proof of claim for unpaid income taxes in the amount of $278,295.67 in this Chapter 13 case. Debtor has filed an objection to that proof of claim.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(B).

In support of his objection, debtor asserts that the IRS claim is invalid because (1) there is no outstanding obligation owed to the claimant; (2) claimant has failed to comply with the requirements of 26 U.S.C. §§ 6001 and 6011, and IRS Delegation Order No. 24; and (3) the proof of claim fails to comply with the requirements of F.R.B.P. 3001.

We turn first to the ground for objection based on F.R.B.P. 3001 which provides that "a proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." (Emphasis ours.) A claimant initially must set forth facts sufficient to support its claim. When a claimant files a properly supported proof of claim, a presumption in favor of its validity arises. Generally, the burden of proof then shifts to the objecting party to produce evidence to rebut the claimant's *prima facie* case. *In re G. Marine Diesel Corp.*, 155 B.R. 851, 853 (Bankr.E.D.N.Y.1993). A bald assertion, a mere conclusory statement, is, in and of itself, insufficient to rebut the presumption of validity. Instead, there must be some production of evidence by the debtor to rebut the presumption favoring the claimant. *See In re White*, 168 B.R. 825, 829 (Bankr. D.Conn.1994); *In re Dakota Industries, Inc.*, 131 B.R. 437 (Bankr.D.S.D.1991). Once the requisite quantum of evidence, then, is offered by the debtor, the burden then shifts back to the claimant to prove his claim by a preponderance of the evidence. The Sixth Circuit, as well as the majority of others which have addressed the issue, has held that an IRS proof of claim is to be afforded the normal presumption of validity. *In re Federated Dep't. Stores, Inc.*, 135 B.R. 950, 957–58 (Bankr.S.D.Ohio 1992), aff'd, 171 B.R. 603, (S.D.Ohio 1994); *In re Gran*, 964 F.2d 822 (6th Cir.1992); *See In re Compass Marine Corp.*, 146 B.R. 138 (Bankr.E.D.Pa.1992). This is so even though a different allocation of burdens may be the rule in a non-bankruptcy context.

The debtor asserts that the claim of the IRS is invalid because it is not in compliance with Bankruptcy Rule 3001. Bankruptcy Rule 3001 states, in pertinent part:

(a) Form and content. A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.

(b) Who may execute. A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.

(c) Claim based on a writing. When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim....

The debtor's first argument appears to focus on subsection (c) which imparts a require-

ment that all claims which are "based on a writing" be accompanied by the original or a copy of the writing. Debtor challenges the claim because no supporting documentation was attached. In this position, debtor is mistaken. Quite simply, the claim of the IRS is not founded upon a writing, but rather is based upon the United States Constitution and federal legislation which grants the federal government the power to lay and collect taxes on income. *See In re Jackson*, 189 B.R. 206 (Bankr.M.D.Ala.1994); *In re White, supra*, at 834. Accordingly, the supporting documentation requirement of Rule 3001(c) is not applicable in the instant case.

■ The debtor presumably relies upon Bankruptcy Rule 3001(b) in support of his argument that since the IRS agent who executed the proof of claim had no personal knowledge of the facts contained therein, the claim is invalid. However, Bankruptcy Rule 3001(b) only requires that an agent of the claimant be authorized to execute the proof of claim, there is no requirement that the agent have personal knowledge of the facts contained therein. *See In re White, supra* at 834.

Pursuant to the foregoing discussion, we hold that the proof of claim of the IRS satisfies the requirements of F.R.B.P. 3001 and is entitled to the initial presumption of validity.

■ We turn then to the remaining bases for objection of debtor. The debtor's first two contentions fail as no evidence has been offered to rebut the presumption of validity which the IRS claim enjoys. The debtor first asserts that there is no obligation owed the IRS, yet not even a scintilla of evidence has been offered in support of this allegation. Likewise, the debtor has failed to offer any evidence supporting his arguments grounded in 26 U.S.C. §§ 6001 and 6011, and IRS Delegation Order No. 24. The debtor alleges that the IRS failed to comply with the notice requirements of these provisions. However, nothing more than the debtor's allegations were offered. Accordingly, the debtor's burden of proof has not been satisfied on these two issues.

In the foregoing discussion, we have supported the conclusion that the claim of IRS comports with the requirements of F.R.B.P. 3001, is therefore entitled to a presumption of validity, and debtor's arguments to the contrary are unavailing. Further, we have concluded that debtor has failed to rebut the presumption of validity. Debtor's objection to the claim is therefore overruled.

So Ordered.