**In re William Gene CATRON, Debtor.**

**Bankruptcy No. 95–13626C–13G.**

United States Bankruptcy Court,
M.D. North Carolina,
Greensboro Division.

May 8, 1996.

William Gene Catron, pro se.

A. Kennedy Dawson, Greensboro, NC, for IRS.

Jody Kinlaw Troxler, Greensboro, NC, for trustee.

## MEMORANDUM OPINION

WILLIAM L. STOCKS, Chief Judge.

This case is before the court on Debtor William Gene Catron's objection to a proof of claim filed by the Internal Revenue Service, Debtor's motion for an additional creditors meeting, and Debtor's motion for discovery. A hearing on these matters was held in Greensboro, North Carolina on April 30, 1996. At the hearing, A. Kennedy Dawson appeared on behalf of the IRS and Debtor appeared *pro se.* For the reasons stated below, Debtor's objection to the proof of claim filed by the IRS will be overruled and Debtor's other two motions will be denied.

The court has considered fully the briefs submitted by the parties, the applicable law, and the arguments of both parties. Having done so, findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052, made applicable in contested matters by Fed. R.Bankr.P. 9014, are hereinafter set forth.

## JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United Stated District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b) which this court may hear and determine.

## FACTS

Debtor filed this case under Chapter 13 of the Bankruptcy Code on December 21, 1995. On January 22, 1996, Debtor appeared and was examined at a § 341 meeting of creditors. The United States was listed on Debtor's Schedule E as a priority creditor with a claim, listed by Debtor as disputed, in the amount of $15,955.15 for federal income taxes. On January 12, 1996, the IRS filed a proof of claim in the amount of $13,934.86 based upon unpaid federal income taxes and interest for the 1992 and 1994 tax periods, unpaid penalties for the 1991 and 1992 tax periods, and unpaid interest for the 1991 tax period. The proof of claim was filed as a secured claim. Attached to the IRS's proof of claim was an itemized list of the amounts due, categorizing each amount due as being either for taxes, penalties, or interest, and setting forth the tax period for which each amount was due, the date of assessment for each amount, and the date and location at which the notice of tax lien had been filed as to each amount due. Another exhibit which was attached to the proof of claim was a document evidencing the recordation of a tax lien in Randolph County, North Carolina on November 14, 1995.

On January 23, 1996, Debtor filed an objection to the IRS's proof of claim on the grounds that it did not conform to Official Form 10 as required by Fed.R.Bankr.P. 3001(a). Specifically, Debtor's objection was that "supporting documents" were not attached to the proof of claim.[1] Debtor argued that the IRS's alleged failure to attach supporting documents rendered the claim invalid, was a "violation of the Federal Bankruptcy Rules and Procedures, and [was] an attempt to deny the Debtor(s) Due Process."

On March 25, 1996, Debtor filed a motion for discovery to compel the IRS to produce the following, as set forth by Debtor: (1) a copy of Debtor's 23C Method of Assessment; (2) a Form 4430 Proof of Claim that had been signed under penalty of perjury by an authorized agent; (3) documentation and an explanation of how the IRS lawfully made any

---

1. Paragraph 7 of Official Form 10 directs the claimant to *"[a]ttach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests."

assessment under 26 U.S.C. § 6201 and a copy of Debtor's record of assessment; (4) copies of the IRS's delegation of authority to inquire into Debtor's personal affairs or to make any demands upon him and the delegation of authority of those who made the determinations, showing the right to make such determinations; (5) copies of notices of deficiencies for the tax years 1990 through 1995; (6) a copy of all documents for the years 1970 through 1995 maintained in a system of records known as Individual Master Files pertaining to Debtor; (7) a full illustration of how all applicable statutes have operated; (8) the IRS's opinion as to why the Statements in Lieu of Returns filed by Debtor showing that he had no tax liability were incorrect; and (9) the IRS's opinion as to how Debtor should comply with 26 U.S.C. § 83 at the present time and in the future.

On March 25, 1996, Debtor filed a motion for an additional creditors meeting to resolve certain issues raised by Debtor in that motion, including whether or not the IRS's proof of claim was signed on behalf of the IRS under penalty of perjury and whether or not the IRS had the authority to assess taxes against Debtor.

Debtor also filed two briefs, purportedly in support of his objection and motions, which briefs primarily addressed issues related to the IRS's authority to assess taxes against Debtor. The IRS filed a response to Debtor's objection to its proof of claim on March 25, 1996, and filed a response objecting to Debtor's motions for discovery and for an additional creditors meeting on April 29, 1996.

## LAW AND ANALYSIS

A. *Debtor's objection to proof of claim.*

The court has ascertained the substance of Debtor's objection to the IRS's proof of claim to be that the IRS has allegedly failed to attach to its proof of claim supporting documents as required by Fed.R.Bankr.P. 3001(a), (c) and (d). Debtor argues that because of this alleged omission, the proof of claim is insufficient and invalid and is therefore not entitled to the presumption of validi-

ty accorded by Fed.R.Bankr.P. 3001(f). Fed. R.Bankr.P. 3001(a) requires a proof of claim to conform substantially to Official Form 10. The requirement set forth in paragraph 7 of Official Form 10 that the claimant attach copies of supporting documents to the proof of claim arises from Fed.R.Bankr.P. 3001(c) and (d) which require that "[w]hen a claim ... is based on a writing, the original or a duplicate shall be filed with the proof of claim," Fed.R.Bankr.P. 3001(c), and that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed.R.Bankr.P. 3001(d).

■ The foregoing rules make it clear that supporting documents are required to be attached to a proof of claim when the claim is based upon a writing or when the claimant claims a security interest in property of the debtor. However, the claim of the IRS in this case is not based on a writing but on federal tax statutes. Neither does the IRS in this case claim a security interest in property of Debtor as there is no indication that any lien claimed by the IRS was created by an agreement between the parties. *See* 11 U.S.C. § 101(51). In light of these requirements, the nature of the IRS's claim, and the fact that the IRS attached to its proof of claim an itemization of the amounts and types of taxes due for certain specified tax periods, and evidence of the recordation of the tax lien, the court finds that the IRS's proof of claim complies with Fed.R.Bankr.P. 3001(a), (c), and (d). *See In re Jackson,* 189 B.R. 206, 209 (Bankr.M.D.Ala.1994); *In re White,* 168 B.R. 825, 834 (Bankr.D.Conn. 1994). Debtor's objection to the proof of claim filed by the IRS will therefore be overruled.

B. *Debtor's motion for creditors meeting.*

■ Debtor has faintly articulated the purposes for which he seeks an additional creditors meeting. However, the court has been able to glean from his motion that Debtor seeks an additional creditors meeting to address issues regarding the authority of the IRS to make tax assessments against him, the validity of these assessments, and

the sufficiency of the IRS's proof of claim. The court is aware of no statutory or caselaw authority, and Debtor has cited none, which authorizes a debtor to convene a meeting of creditors for the purposes Debtor seeks to advance in this case. Moreover, while Debtor asks for such a meeting to "resolve" issues related to the IRS's authority to make tax assessments against him, no such issues have been raised. Debtor's objection to the IRS's proof of claim raises an objection only to the form of the proof of claim and not to the authority of the IRS to make tax assessments against Debtor. A hearing on Debtor's objection to the form of the IRS's proof of claim was held in this matter on April 30, 1996 and Debtor's objection was overruled in open court.

Because there is no legal basis for granting Debtor's motion for an additional meeting of creditors, it will be denied. To the extent that Debtor requests in his motion a hearing on the issue of the authority of the IRS to make tax assessments against him, that issue is not before the court and any request for a hearing thereon must therefore be denied. To the extent that Debtor's motion requests a hearing on his objection to the IRS's proof of claim, a hearing on that matter has already been held and any request therefore is now moot.

### C. *Debtor's motion for discovery.*

■ Debtor has moved for the discovery of numerous documents and other information, purportedly in the possession of the IRS. Fed.R.Civ.P. 26(b), made applicable in this proceeding by Fed.R.Bankr.P. 7026 and 9014, defines the permissible scope of discovery as including "any matter, not privileged, which is relevant to the subject matter involved in the pending action." At the time Debtor's motion for discovery was filed, the only action pending between Debtor and the IRS was the contested matter involving Debtor's objection to the form of the IRS's proof of claim. In that objection, Debtor argued only that because the IRS had not attached sufficient supporting documents, its proof of claim was not entitled to the presumption of validity accorded by Fed.R.Bankr.P. 3001(f). Debtor's requests for

discovery are not relevant to the issue of the sufficiency of the form of the IRS's proof of claim and are therefore outside of the permissible scope of discovery in this matter and must be denied. Fed.R.Civ.P. 26(b)(1). Furthermore, because the court has determined that the form of the IRS's proof of claim is sufficient in this case, Debtor's motion for discovery will also be denied as moot.

### CONCLUSION

For the reasons stated above, Debtor's objection to the IRS's proof of claim is overruled, Debtor's motion for an additional meeting of creditors is denied, and Debtor's motion for discovery is denied. An order consistent with this memorandum opinion will be entered contemporaneously herewith.