In re James MOSBRUCKER and
Margaret Mosbrucker,
Debtors.

James MOSBRUCKER and Margaret
Mosbrucker, Debtors–Appellants,

v.

UNITED STATES of America; The Farm
Service Agency; Internal Revenue Ser-
vice; and James Mosset, Creditors–Ap-
pellees,

Wayne Drewes, Trustee–Appellee.

BAP No. 98–6045ND.

United States Bankruptcy Appellate Panel
of the Eighth Circuit.

Submitted Nov. 13, 1998.

Decided Dec. 15, 1998.

Max D. Rosenberg, Bismarck, ND, for Appellant.

Cameron W. Hayden, Bismarck, ND, for Appellee.

Before KOGER, Chief Judge, SCOTT and MAHONEY,[1] Bankruptcy Judges.

KOGER, Chief Judge.

James and Margaret Mosbrucker, the debtors, appeal from an order entered on April 17, 1998, and two orders entered on April 28, 1998, in which the bankruptcy court[2] denied the Mosbruckers' objection to the Internal Revenue Service's proof of claim, denied confirmation of the Mosbruckers' Chapter 12 plan, and dismissed the case, respectively. We affirm.

### Statement of Facts

The Mosbruckers filed a voluntary petition under Chapter 13 on June 3, 1997. On July 7, 1997, the debtors converted their case to a Chapter 12. The Internal Revenue Service (IRS), filed a proof of claim on June 13, 1997, and later filed amended claims. The most recent amended proof of claim dated Febru-ary 4, 1998, is for the total amount of $317,-758.87. Of this sum, $5065.23 is classified as a secured priority claim; $32,775.62 is classified as a general unsecured nonpriority claim; and $279,918.02 is classified as an unsecured priority claim.

The Mosbruckers objected to the IRS's claim arguing that $217,297.29 of the unsecured priority claim should actually be classified as a general unsecured claim, and subject to discharge. The disputed amount represents 1982 tax assessments of $24,-949.28, with interest to the petition date of $83,680.70, and 1983 tax assessments of $10,821.70, with interest to the petition date of $97,845.61, made under 26 U.S.C. § 6672 for unpaid employment tax withholdings. In a memorandum order filed on April 17, 1998, the bankruptcy court denied the Mosbruckers' objection, ruling that the employment tax withholding penalties along with the accrued interest were properly classified as "trust fund" taxes entitled to priority under 11 U.S.C. § 507(a)(8)(C), and were nondischargeable under 11 U.S.C. § 523(a)(1)(A). Accordingly, the disputed amount of the taxes owed to the IRS was an unsecured priority claim required to be repaid in full over the term of the plan.

On March 26, 1998, the Chapter 12 Trustee, Wayne Drewes, filed a motion to dismiss the Chapter 12 case. On April 20, 1998, the bankruptcy court held a hearing on the Trustee's motion to dismiss and on confirmation of the Mosbruckers' Chapter 12 plan. On April 28, 1998, in separate orders, the bankruptcy court denied confirmation of the Mosbruckers' plan for the reasons set forth in the memorandum order filed on April 17, 1998, denying the Mosbruckers' objection to the IRS's proof of claim, and ruled that the case should be dismissed for the reason that the Mosbruckers' plan would not cash flow because of the extreme amount required to be paid to the IRS.

The Mosbruckers filed a Notice of Appeal on May 8, 1998, appealing from the April 28, 1998, rulings.

---

**1.** The Honorable Timothy J. Mahoney, Chief Judge, United States Bankruptcy Court for the District of Nebraska, sitting by designation.

**2.** The Honorable William A. Hill, United States Bankruptcy Judge for the District of North Dakota.

## Jurisdiction of the BAP

It appears that the Mosbruckers did not timely file a notice of appeal to preserve their right to appeal from the April 17, 1998, order denying their objection to the IRS's proof of claim. *See* Fed.R.Bankr.P. 8002(a); *FHC Enterprises v. Drevlow*, 221 B.R. 767 (8th Cir. BAP 1998). The Mosbruckers did, however, timely file a notice of appeal on May 8, 1998, preserving their right to appeal the bankruptcy court's denial of confirmation of their Chapter 12 plan, which incorporated the reasons relied upon by the bankruptcy court to deny the Mosbruckers' objection to the IRS's proof of claim. The Mosbruckers also timely appealed from the order dismissing their bankruptcy case.

■ The bankruptcy court's orders denying confirmation and dismissing the case are final orders over which the BAP has appellate jurisdiction. *See KCC–Leawood Corporate Manor I v. Travelers Ins. Co.*, 117 B.R. 969, 972 (W.D.Mo.1989) ("Where a plan is denied by a bankruptcy court order, the district court may exercise its discretion to hear an appeal of that denial, pursuant to 28 U.S.C. § 158(a). So to the extent the order is a denial of … [the] plan, this court will consider it on appeal."); *Davis v. Courington*, 177 B.R. 907, 911 (9th Cir. BAP 1995) (" '[T]his panel has jurisdiction to hear appeals from final judgments, orders, and decrees entered by bankruptcy courts. 28 U.S.C. § 157(a), (b). … [T]he' [dismissal] 'order' [is] 'a final one, because it terminated the instant action.' ").

## Issues Raised on Appeal

I. Whether the bankruptcy court erred in holding that the penalties and interest assessed by the IRS pursuant to 26 U.S.C. § 6672 and included in the proof of claim are entitled to priority status and are nondischargeable and, accordingly, are required to be paid in full over the life of the Chapter 12 plan?

II. Whether the bankruptcy court erred in denying confirmation of the Chapter 12 plan?

III. Whether the bankruptcy court erred in dismissing the Mosbruckers' bankruptcy case?

## Standard of Review on Appeal

■ Whether the bankruptcy court erred in ruling that the penalties and interest were properly classified as "trust fund" taxes entitled to priority under section 507(a)(8)(C) and nondischargeability under section 523(a)(1)(A) is a question of law over which the BAP exercises de novo review. *See First Nat'l Bank v. Allen*, 118 F.3d 1289, 1294 (8th Cir.1997).

■ Whether the bankruptcy court erred by denying confirmation of the Mosbruckers' Chapter 12 plan and whether the bankruptcy court erred in dismissing the Mosbruckers' bankruptcy case involve questions of fact over which the BAP reviews under a clearly erroneous standard. *See Miller v. Nauman*, 213 B.R. 355, 358 (9th Cir. BAP 1997); *In re Rape*, 104 B.R. 741, 748 (W.D.N.C.1989); *In re Crowley*, 85 B.R. 76, 78–79 (W.D.Wis. 1988).

## Discussion

I. Whether the bankruptcy court erred in holding that the penalties and interest assessed by the IRS pursuant to 26 U.S.C. § 6672 and included in the proof of claim are entitled .to priority status and are nondischargeable and, accordingly, are required to be paid in full over the life of the Chapter 12 plan?

■ Section 507(a)(8)(C) of the Bankruptcy Code provides that "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity," is entitled to priority distribution from the assets of the estate. 11 U.S.C. § 507(a)(8)(C). Taxes that receive priority status under section 507(a)(8)(C) are nondischargeable in a Chapter 12 bankruptcy. 11 U.S.C. §§ 523(a)(1)(A), 1228(a)(2) and 1228(c)(2). A Chapter 12 plan must provide for the full payment of all claims entitled to priority under section 507. 11 U.S.C. § 1222(a)(2).

The Mosbruckers did not remit employee withholding taxes for tax years 1982 and 1983 to the IRS, which resulted in assessment of tax liability under 26 U.S.C. § 6672. The Mosbruckers argue that the civil "penal-

ties" resulting from the failure to remit these taxes are the same as any other "penalty" and should be classified as a "penalty" under the plain language of 11 U.S.C. § 523(a)(7)(B), which states that:

(a) a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

.     .     .     .     .

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

.     .     .     .     .

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

The Mosbruckers' interpretation would result in a classification of the disputed tax liability as a general unsecured claim, which would have no priority status and would be discharged upon the completion of their Chapter 12 Plan.

We disagree with the Mosbruckers and affirm based upon the well-reasoned and well-written opinion of the bankruptcy court. As the bankruptcy court pointed out, the United States Supreme Court in *United States v. Sotelo*, 436 U.S. 268, 282, 98 S.Ct. 1795, 1803, 56 L.Ed.2d 275 (1978), held that tax liability imposed upon a debtor under 26 U.S.C. § 6672 is nondischargeable under section 17a(1)(e) of the Bankruptcy Act. The *Sotelo* decision was effectively codified in section 507(a)(7)(C) [now section 507(a)(8)(C) ] upon the enactment of the Bankruptcy Code. *See* 3 William L. Norton, Jr., Norton Bankruptcy Law and Practice § 47:9, p. 47–17 (2d ed.1994).

In *Sotelo* the debt in question entailed employee withholding taxes that the employer was required to pay to the IRS. The *Sotelo* Court held that this debt was a tax at the time it was collected by the debtor, and the fact that the funds "are referred to as a 'penalty' when the Government later seeks to recover them does not alter their essential character as taxes for purposes of the Bank-ruptcy Act, at least in a case in which ... the § 6672 liability is predicated on a failure to pay over, rather than a failure initially to collect, the taxes." *Sotelo*, 436 U.S. at 275, 98 S.Ct. at 1800.

■ The *Sotelo* opinion is directly on point in this situation. The IRS's claim in the amount of $217,297.29 arises from tax liabilities assessed pursuant to 26 U.S.C. § 6672 and must be accorded priority status. Further, the interest that accrued pre-petition on the initial tax assessment likewise must be accorded priority status. *See Olson v. United States (In re Olson)*, 154 B.R. 276, 282–83 (Bankr.D.N.D.1993). *See also Jones v. United States (In re Garcia)*, 955 F.2d 16, 19 (5th Cir.1992); *Pierce v. United States (In re Pierce)*, 184 B.R. 338, 344 (Bankr.N.D.Iowa 1995).

The bankruptcy court correctly ruled that the tax liability in question was entitled to priority under 11 U.S.C. § 507(a)(8)(C) and was nondischargeable under 11 U.S.C. § 523(a)(1)(A), and, accordingly, was required to be paid in full by the Mosbruckers over the life of their Chapter 12 plan.

II. Whether the bankruptcy court erred in denying confirmation of the Mosbruckers' Chapter 12 plan?

■ Before a bankruptcy court can confirm a Chapter 12 plan, the debtor must establish that he or she will be " 'able to make all payments under the plan and to comply with the plan.' 11 U.S.C. § 1225(a)(6). To determine the feasibility of a plan, the court must ascertain the 'probability of actual performance of the provisions of the plan.' " *First National Bank of Malden v. Hopwood*, 124 B.R. 82, 86–87 (E.D.Mo.1991)(quoting *In re Clarkson*, 767 F.2d 417, 420 (8th Cir.1995)). Under section 1225(a)(6), the feasibility of a debtor's plan is a factual determination. *Miller v. Nauman*, 213 B.R. 355, 358 (9th Cir. BAP 1997); *In re Rape*, 104 B.R. 741, 748 (W.D.N.C.1989); *In re Crowley*, 85 B.R. 76, 78–79 (W.D.Wis. 1988).

At oral argument, the Mosbruckers' counsel conceded that unless the tax liability imposed under 26 U.S.C. § 6672 was discharge-

able, the Mosbruckers could not propose a confirmable plan. We determine that the bankruptcy court correctly denied confirmation of the Mosbruckers' Chapter 12 plan based upon their inability to propose a plan that would provide for the full payment of the tax debt to the IRS over the life of the plan.

III. Whether the bankruptcy court erred in dismissing the Mosbruckers' bankruptcy case?

█ The Mosbruckers argue that if the bankruptcy court's ruling concerning the tax liability imposed under 26 U.S.C. § 6672 is reversed, the bankruptcy court's order dismissing their case must likewise be reversed. We have affirmed the bankruptcy court's ruling on the tax liability question. The Mosbruckers do not dispute the total amount of the debt owed to the IRS, which is the primary reason that the plan will not cash flow. We determine that the bankruptcy court correctly dismissed the Mosbruckers' bankruptcy case for the reason that the Mosbruckers lack the ability to propose a confirmable Chapter 12 plan because of the large amount of priority, nondischargeable debt they owe to the IRS.

### Conclusion

We affirm the bankruptcy court's ruling classifying the 1982 and 1983 employment tax withholdings along with the accrued interest as "trust fund" taxes that are entitled to priority under 11 U.S.C. § 507(a)(8)(C) and are nondischargeable under 11 U.S.C. § 523(a)(1)(A). The bankruptcy court correctly ruled that the tax liability must be paid in full over the life of the Mosbruckers' Chapter 12 plan. We affirm the bankruptcy court's denial of confirmation of the Mosbruckers' Chapter 12 plan. Finally, we affirm the bankruptcy court's dismissal of the Mosbruckers' bankruptcy case.