**In re Edward Galen SHAVER, Jr., Debtor.**

**No. 99–20017.**

United States Bankruptcy Court, E.D. Tennessee.

Dec. 7, 1999.

Richard L. Banks, Richard Banks & Associates, P.C., Kingport, Tennessee, for Edward Galen Shaver, Jr.

Carl K. Kirkpatrick, Jason S. Zarin, U.S. Department of Justice, Washington, D.C., for Internal Revenue Service.

## *MEMORANDUM*

MARCIA PHILLIPS PARSONS, Bankruptcy Judge.

This chapter 13 case is before the court on the motion filed by the Internal Revenue Service ("IRS") requesting that the court strike the debtor's objection to the claim of the IRS. The basis of the debtor's objection is that the claim "does not comply with Federal Bankruptcy Rule 3001(c) because it has insufficient and/or no supporting documentation." The IRS asserts in its motion that the objection should be stricken on the ground that Fed. R.Bankr.P. 3001(c) is inapplicable to a federal tax claim which is based on a statute rather than a writing. The debtor has not responded to the IRS's motion. This court having concluded that the IRS's argument is supported by the Sixth Circuit Court of Appeals decision in *Spiers v. Ohio Dep't of Natural Resources (In re Jenny Lynn Mining Co.)*, 780 F.2d 585 (6th Cir.1986), and the overwhelming majority of cases to consider the issue, the motion to strike will be granted. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A) and (B).

## I.

This chapter 13 case was commenced on January 5, 1999, and the debtor's plan, which provides for payment in full of priority and unsecured claims, was confirmed on April 26, 1999. The debtor listed the IRS in *Schedule F* "FOR NOTICE PURPOSES" with a claim in the amount of $0.00.

On January 28, 1999, the IRS filed a proof of claim in this case, asserting an unsecured claim against the debtor in the amount of $2,448.85, $2,422.85 of which the IRS claimed was entitled to priority under 11 U.S.C. § 507(a)(8). An attachment to the proof of claim stated that the claim was for income taxes for 1996, 1997 and 1998, with $926.00 and $900.00 being estimated as the taxes owed for 1997 and 1998 respectively. A footnote indicated that the debtor had not filed a tax return for these years and that an amended claim would be filed when the debtor filed the required tax returns. The attachment also indicated that $515.00 in income taxes plus interest of $81.85 was the estimated liability for tax year 1996 with a footnote stating that this amount was a "POSSIBLE ADDITIONAL ASSESSMENT OF TAX DUE TO UNREPORTED INCOME BY THE DEBTOR FOR THE STATED TAX PERIOD."

On September 2, 1999, the debtor filed an objection to the IRS's claim on the grounds that:

> The claim was not scheduled by the debtor, and the claim does not comply with Federal Bankruptcy Rule 3001(c) because it has insufficient and/or no supporting documentation. The debtor believes the claim should be disallowed in its entirety.

In support of its motion to strike filed on November 4, 1999, the IRS argues that the "debtor has misapplied ... Rule [3001(c)] and thus, has failed to state legitimate grounds for relief. In addition, debtor failed to file tax returns for the years 1997

and 1998, and the IRS sent a deficiency letter to debtor for his 1996 return for failure to report $4,169 in wage income and $1,673 in self-employment income."

Fed.R.Bankr.P. 3001(c) provides:

CLAIM BASED ON A WRITING. When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

The 1983 Advisory Committee note to subdivision (c) states that:

This subdivision is similar to former Bankruptcy Rule 302(c) and continues the requirement for the filing of any written security agreement and provides that the filing of a duplicate of a writing underlying a claim authenticates the claim within the same effect as the filing of the original writing. *Cf.* Rules 1001(4) and 1003 of Fed.R. of Evid. Subdivision (d) together with the requirement in the first sentence of subdivision (c) for the filing of any written security agreement, is designed to facilitate the determination whether the claim is secured and properly perfected so as to be valid against the trustee.

Based on this language, the IRS asserts that Fed.R.Bankr.P. 3001(c) "only applies to claims based upon written security agreements," that "[a] federal tax claim is based upon the Constitution and federal legislation, not upon a writing," and that the IRS "is not required, under Bankr. Rule 3001(c), to provide any documentation in writing to debtor to support its claim."

In the bankruptcy case of *Jenny Lynn Mining Co.* the trustee objected to the priority claim of the Ohio Department of Natural Resources for a permit fee and bond on the ground that "no documentation was attached to the proof of claim substantiating the claim" as required by former Bankruptcy Rule 302(c), the predecessor to Fed.R.Bankr.P. 3001(c). *In re Jenny Lynn Mining Co.,* 780 F.2d at 586. The bankruptcy court overruled the objection, concluding that Bankruptcy Rule 302(c) did not apply since the claim was based on an obligation created by a statute and was not founded on a writing. *Id.* Both the district court and the Sixth Circuit Court of Appeals agreed. *Id.* at 587. The Sixth Circuit noted that although Bankruptcy Rule 302(c) had been superseded by Fed.R.Bankr.P. 3001(c), the new rule retained the "writing" requirement. *Id.* at 586.[1] As stated by the court:

We agree with the courts below that Rule 302(c) did not apply to ODNR's claim. With respect to unsecured claims, the purpose of Rule 302(c) was to apprise the bankruptcy court and the trustee of the terms of any writing which formed the basis of a claim. The statutory requirement that strip mine operators post performance bonds to obtain permits is clear and unconditional. There was no documentation that would have provided additional notice to the trustee of the basis for the claim. Attaching a copy of the statute would have added nothing to the proof of claim. Proof of claim # 15 was not based on a "writing."

*Id.* at 587.

The majority of courts to consider this issue in the context of claims by the IRS have concluded that because tax claims are based on statutory obligations rather than obligations created by a writing, Fed.

---

1. Former Bankruptcy Rule 302(c) provided as follows:

When a claim, or an interest in property of the debtor securing the claim, is founded on a writing, the original or a duplicate shall be filed with the proof of claim unless the writing has been lost or destroyed. If lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim. If a security interest is claimed, the proof of claim shall be accompanied by satisfactory evidence that the security interest has been perfected.

*In re Jenny Lynn Mining Co.,* 780 F.2d at 586.

R.Bankr.P. 3001(c) does not apply to proofs of claims filed by taxing authorities. *See U.S. v. Braunstein (In re Pan)*, 209 B.R. 152, 156 (D.Mass.1997) (citing *Jenny Lynn Mining Co.*, district court held that because proof of claim was based on a statutory tax penalty, the government had no obligation under the rules to provide additional documentation in support of its proof of claim); *Vines v. I.R.S. (In re Vines)*, 200 B.R. 940, 949 (M.D.Fla.1996) (IRS was not required to attach any documentation to its proof of claim because the claim and lien were based on federal statutes, not a writing, citing *Jenny Lynn Mining Co.*); *In re Alvstad*, 223 B.R. 733, 745 (Bankr.D.N.D.1998) ("[C]laim [of IRS] does not fall within the compass of the documentation requirement of Rule 3001(c), as its basis lies in statute."); *Bozich v. I.R.S. (In re Bozich)*, 212 B.R. 354, 360 (Bankr.D.Ariz.1997) ("Courts across the country have held that tax claims are based on statute, not on a writing, and that, therefore, such claims do not need to be supported by the documentation required by Rule 3001(c)."); *In re Shabazz*, 206 B.R. 116, 124 (Bankr.E.D.Va.1996) (court rejected argument that IRS was required to attach a certificate of assessment to proof of claim, noting that Rule 3001(c) only applies where claim is based on a writing); *Fuller v. U.S. (In re Fuller)*, 204 B.R. 894, 898 (Bankr.W.D.Pa.1997) (court observed that although in the case before it the IRS had provided detailed supporting documentation, other courts had concluded that such documentation was unnecessary); *In re Catron*, 198 B.R. 905, 907 (Bankr.M.D.N.C.1996) (court concluded that IRS's proof of claim complied with Rule 3001 because IRS claim was based on statute rather than writing, no security interest arising out of an agreement was claimed, and IRS had attached to its proof of claim an itemization of the amounts and types of taxes due); *In re Hollars*, 198 B.R. 270, 272 (Bankr.S.D.Ohio 1996) (The supporting documentation requirement of Rule 3001(c) is not applicable because "the claim of the IRS is not founded upon a writing, but rather is based upon the United States Constitution and federal legislation which grants the federal government the power to lay and collect taxes on income."); *In re White*, 168 B.R. 825, 834 (Bankr.D.Conn.1994) (even though statutory lien asserted, it was not necessary for IRS to attach relevant sections of the Internal Revenue Code or any other documentation to its proof of claim, *citing Jenny Lynn Mining Co.*).

In one unreported bankruptcy decision, the court concluded that federal income tax liability is based upon a written assessment signed by an officer of the IRS and, therefore, held "that in order for a proof of claim for income tax liability to constitute prima facie evidence of that claim, it must be supported by a Certificate of Assessment...." *In re Mendel*, 1993 WL 542458 at *3 (Bankr.N.D.Ga. March 9, 1993). This conclusion, however, has been criticized on the basis that an assessment is not a condition precedent to the filing of a proof of claim. *See In re Vines*, 200 B.R. at 947 ("The IRS does not need an assessment to assert such a right to payment ...."); *In re Shabazz*, 206 B.R. at 124 (court rejected argument that IRS was required to attach a certificate of assessment to the proof of claim, noting that Rule 3001(c) only applies where claim is based on a writing); *In re White*, 168 B.R. at 831–32 (" 'An assessment is an administrative determination that a certain amount is currently due and owing as a tax. It makes the taxpayer a debtor in much the same way as would a judgment.' [Citation omitted.] Just as a creditor need not hold a judgment in order to be entitled to assert a claim in bankruptcy, so the Service need not have made an assessment in order to assert that it has a 'claim,' *i.e.* a 'right to payment'....").

 This court interprets the Sixth Circuit Court of Appeals case of *Jenny Lynn Mining Co.* to stand for the proposition that Fed.R.Bankr.P. 3001(c) is inapplicable to claims that are based on a statutory obligation such as federal income tax, as

opposed to claims that are based on a writing.[2] Therefore, the IRS's motion to strike is proper and should be granted. An order will be entered in accordance with this memorandum.

2. The court notes that even if Fed.R.Bankr.P. 3001(c) were applicable to the IRS's claim, the court would conclude that the requirements of the rule have been met since the attachment to the proof of claim sets forth the various amounts owed, the tax periods, and the bases for liability. *See In re Catron,* 198 B.R. at 907.