**In re Donna Marie BOEHM, Debtor.**

No. 99–50900.

United States Bankruptcy Court,
E.D. Kentucky,
Lexington Division.

Sept. 15, 2000.

J. James Rogan, Danville, KY, trustee, pro se.

Aneida P. Winston, Washington, DC, for Internal Revenue Service.

### *MEMORANDUM OPINION AND ORDER*

WILLIAM S. HOWARD, Chief Judge.

This matter is before the Court on the trustee's Objection to Proof of Claim No. 9 Filed by Internal Revenue Service (Doc. # 27), and the Response (Doc. # 30) filed by the United States. The trustee seeks to have the claim of the Internal Revenue Service ("IRS") in the amount of $18,245.92 disallowed as a priority claim. The trustee contends that the claim is based on a civil penalty which is not granted priority status by 11 U.S.C. § 507(a)(8). The trustee further contends that the proof of claim and attachments thereto provide no documentation of the debtor's status as a person required to collect or withhold a tax in order for the claim to be granted priority status pursuant to 11 U.S.C. § 507(a)(8)(C). The trustee does not elaborate on his contentions, nor does he provide any support for them.

■ The applicable statute, 11 U.S.C. § 507(a)(8) provides in pertinent part,

(a) The following expenses and claims have priority in the following order:

. . . . . . . .

(8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—

. . . . . .

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

The Court believes, however, that the trustee's objection implicates the nondischargeability provision found in 11 U.S.C. § 523(a)(7). This section makes a civil penalty other than a tax penalty nondischargeable. That section provides that

(a) A discharge under section 727, 1141, 1228(a), 1228(B), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . . .

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

    (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

    (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

If the "penalty" which the IRS seeks to recover as an unsecured priority claim were to be treated in this manner, the disputed tax liability would be classified as a general unsecured claim, as set out below.

The IRS contends that its claim is for a trust fund recovery penalty against the debtor as a responsible person for the unpaid withholding taxes of Custom Cleaning of Kentucky, Inc. ("Custom Cleaning") for the periods ending June 30, 1996, September 30, 1996, and March 31, 1998. As such, it is entitled to priority pursuant to 11 U.S.C. § 507(a)(8)(C). As stated in *In re Mosbrucker*, 227 B.R. 434 (8th Cir. BAP 1998),

    The [debtors] did not remit employee withholding taxes for tax years 1982 and 1983 to the IRS, which resulted in assessment of tax liability under 26 U.S.C. § 6672. The [debtors] argue that the civil "penalties" resulting from the failure to remit these taxes are the same as any other "penalty" and should be classified as a "penalty" under the plain language of 11 U.S.C. § 507(a)(7)(B), . . .

    The [debtors'] interpretation would result in a classification of the disputed tax as a general unsecured claim, which

would have no priority status and would be discharged upon completion of their Chapter 12 Plan.

    . . . [T]he United States Supreme Court in *United States v. Sotelo*, 436 U.S. 268, 282, 98 S.Ct. 1795, 1803, 56 L.Ed.2d 275 (1978), held that tax liability imposed upon a debtor under 26 U.S.C. § 6672 is nondischargeable under Section 17a(1)(e) of the Bankruptcy Act. The *Sotelo* decision was effective codified in section 507(a)(7)(C) [now section 507(a)(8)(C)] upon enactment of the Bankruptcy Code. . . .

    In *Sotelo* the debt in question entailed employee withholding taxes that the employer was required to pay to the IRS. The *Sotelo* court held that this debt was a tax at the time it was collected by the debtor, and the fact that the funds "are referred to as a 'penalty' when the Government later seeks to recover them does not alter their essential character as taxes for purposes of the Bankruptcy Act, at least in a case in which . . . the § 6672 liability is predicated on a failure to pay over, rather than a failure initially to collect the taxes." *Sotelo*, 436 U.S. at 275, 98 S.Ct. at 1800.

At 436–37. Documents filed in this case show that Custom Cleaning was an entity in whose name the debtor did business, apparently as a cleaning service. The debtor included the debt to the IRS for "3–31–98 taxes" on her Schedule E—Creditors Holding Unsecured Priority Claims. The debtor apparently treated the IRS's claim as a trust fund recovery penalty against her as a responsible person.

■ The second prong of the trustee's objection has to do with the attachment to the IRS's proof of claim. It identifies the "kind of tax" owed only as a "civil penalty." It does not mention Custom Cleaning, or specifically identify the penalty as one for trust fund recovery against the debtor as a "responsible person." The IRS argues, however, that it is not required to provide supporting documenta-

tion for its claim. Case law also supports the IRS in this regard.

The trustee's objection is apparently based on FRBP 3001(c) which states:

> (c) Claim based on a writing. When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim . . . .

In *In re Hollars,* 198 B.R. 270 (Bkrtcy. S.D.Ohio 1996), the Chapter 13 debtor had objected to the IRS's claim, asserting in part that the proof of claim did not comply with the requirements of FRBP 3001(c) as there was no documentation attached to it. The court stated:

> Debtor challenges the claim because no supporting documentation was attached. In this position, debtor is mistaken. Quite simply, the claim of the IRS is not founded upon a writing, but rather is based upon the United States Constitution and federal legislation which grants the federal government the power to lay and collect taxes on income. . . . Accordingly, the supporting documentation requirement of Rule 3001(c) is not applicable in the instant case. (Cites omitted.)

At 272. In fact the IRS did provide documentation of its claim in the case at bar, although not with the degree of specificity the trustee contends is necessary. According to the holding in *Hollars,* the IRS was not required to attach **any** documentation to its claim.

In consideration of all of the foregoing, it is the opinion of this Court that the trustee's Objection to Proof of Claim No. 9 Filed by Internal Revenue Service should be overruled and that the claim of the Internal Revenue Service in the amount of $18,245.92 should be allowed as a priority claim.